**The STATE of Texas, Appellant,**

**v.**

**Gerard Joseph ELLIS, Appellee.**

**No. 01–97–00899–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 28, 1998.

John B. Holmes, Alan Curry, Houston, for Appellant.

David Kiatta, Houston, for Appellee.

Before O'CONNOR, TAFT and SMITH,[1] JJ.

## OPINION

TAFT, Justice.

Appellee, Gerard Joseph Ellis, pleaded guilty to the offense of aggravated sexual assault of a child pursuant to a plea agreement with the State. The trial court found the evidence substantiated appellee's guilt and assessed nine years deferred adjudication and a $500 fine. Appellee filed a motion for new trial, which the trial court granted. The State appeals from that ruling. We address (1) whether a trial court can grant a motion for new trial to an unadjudicated defendant, and (2) whether the trial court could grant appellee's motion to withdraw his plea of guilty. We affirm.

### Facts

On May 21, 1997, the day after receiving deferred adjudication, appellee approached the trial judge at the courthouse, asserted his innocence, and stated that he wished to withdraw his plea of guilty. The trial judge appointed an attorney to inform appellee of the consequences of withdrawing his plea. That attorney filed a motion for new trial alleging only that the trial court's judgment was contrary to the law and evidence in the case. On June 16, 1997, new counsel was appointed to represent appellee at the hearing on his motion for new trial.

---

1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

On August 1, 1997, the trial court conducted a hearing on appellee's motion for new trial. During that hearing, the trial judge outlined the circumstances leading up to the hearing. The judge explained that appellee had approached him the day after judgment was entered and expressed his desire to withdraw his plea of guilty because he was innocent. The judge explained that he would have granted appellee's request at that time, but did not because he believed appellee should speak to another lawyer concerning the consequences of withdrawing his plea. The State opposed the granting of appellee's motion for new trial, claiming that a motion for new trial is not proper after the defendant has been placed on deferred adjudication. The trial court granted appellee's motion for new trial, allowed him to withdraw his plea of guilty, and entered a plea of not guilty on the docket. The State appeals from the trial court's order granting a new trial. *See* Tex.Code Crim. P. Ann. art. 44.01(a)(3) (Vernon Supp.1998) (allowing the State to appeal trial court's granting of a motion for new trial).

### Motion for New Trial

In a single point of error, the State contends that the trial court had no authority to grant appellee's motion for new trial after appellee was placed on deferred adjudication community supervision. The State refers us to *State v. Davenport,* in which the court held that a defendant placed on deferred adjudication has no right to pursue a motion for new trial. 866 S.W.2d 767, 769–70 (Tex.App.— San Antonio 1993, no pet.). In that case, following Davenport's plea of *not guilty* and a subsequent bench trial, the trial court found Davenport guilty of assault. *Id.* at 769. Without proceeding to the punishment stage of the required bifurcated trial, the court assessed punishment at six-months deferred adjudication. *Id.* Davenport filed a motion for new trial alleging newly discovered evidence and challenging the sufficiency of the evidence. *Id.* The trial court signed an

order granting Davenport's motion for new trial, and the State appealed from the court's order. *Id.* On appeal, the San Antonio court held that, because deferred adjudication is limited to defendants who plead guilty or nolo contendere, and because by its terms such a sentence precludes an adjudication of guilt, the trial court acted without the authority of law by placing Davenport on deferred adjudication. *Id.* at 769–70. The court went on to hold that, even though the trial court had improperly placed him on deferred adjudication, Davenport had no right to pursue a motion for new trial. *Id.* at 770. The court relied on rule 30(a), Texas Rules of Appellate Procedure, which at that time stated "A new trial is the rehearing after a finding or verdict of guilty has been set aside upon motion of an accused." Former Tex.R.App. P. 30(a) (repealed 1997).[2] The court held that, because in deferred adjudication proceedings there is no adjudication of guilt, rule 30 does not apply and the trial court was without authority to grant a motion for new trial. *Id.* However, the court went on to address the merits of Davenport's motion and held that, even if the court had the authority to order a new trial, it had abused its discretion in granting the motion. *Id.* at 772.

■ Although arguably *dicta* in *Davenport,* we agree with the Fourth Court of Appeals that a motion for new trial contemplates an adjudication. Therefore, the trial court erred in granting appellee's motion for new trial. That action was a nullity. Nevertheless, the trial court's very next action was to allow appellee to withdraw his plea of guilty. It is clear from the trial court's comments at the motion for new trial hearing that his only basis for granting the motion was to allow appellee to change his plea and proceed to trial. It is equally clear that appellee intended the motion, which contained no substantive allegations, to be the vehicle through which he could withdraw his plea of guilty. The effect of granting a motion to withdraw a plea of guilty is indistin-

---

**2.** Rule 21.1 of the current rules of appellate procedure provides similarly, in pertinent part: *"New trial* means the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex.R.App. P. 21.1 (emphasis in original). Because appellee's motion for new trial was granted on August 1, 1997, it is governed by the former rules of appellate procedure which were repealed effective September 1, 1997.

guishable from granting a motion for new trial. *Dusenberry v. State,* 915 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd).

A liberal practice prevails in this state concerning the withdrawal of a guilty plea. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App.1979). A defendant may withdraw his guilty plea as a matter of right until judgment has been pronounced or the case has been taken under advisement. *Id.* However, when the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *Id.* In this case, appellee's motion was filed after judgment was entered, and the court's decision to grant the motion was committed to its discretion. *See Washington v. State,* 893 S.W.2d 107, 109 (Tex.App.—Dallas 1995, no pet.) (holding that court's decision to grant or deny motion to withdraw guilty plea made one year after defendant placed on deferred adjudication was a matter for the trial court's discretion). We find no evidence in the record showing an abuse of discretion by the trial court in granting appellee's motion.

### Conclusion

Accordingly, although we sustain the State's sole point of error, we deny the State's requested relief because the trial court properly granted appellee's motion to withdraw his plea of guilty. We order that the judgment be changed from "Motion for New Trial granted" to "Motion to Withdraw Plea of Guilty granted."