**David M. DONOVAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–98–00427–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 4, 2000.

Mary Acosta, Houston, for Appellant.

Dan McCrory, John B. Holmes, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and JUSTICES TAFT and PRICE.*

## OPINION

TIM TAFT, Justice.

Appellant, David M. Donovan, entered a plea of nolo contendere to a charge of aggravated sexual assault of a child. The trial court deferred adjudication of guilt, assessed a fine of $300, and placed appellant on five years community supervision. We address whether the trial court erred in refusing to hear appellant's motion for new trial asserting that his plea was involuntary. We affirm.

### Procedural Facts

Appellant filed a motion for new trial on April 16, 1998, two weeks after entering a plea and being assessed deferred adjudication. Appellant asserted that his plea was involuntary and attached affidavits supporting his claim. Appellant claimed he did not know that the trial court could order several conditions of community supervision, such as registration as a sex offender, avoidance of children, attendance at sex offender counseling, and performance of 300 hours of community service. Appellant also claimed that he was not told the trial court could order him to participate in boot camp, and to wait in prison for an opening in boot camp. Appellant claimed his attorney had not informed him of these matters, and appellant would not have entered his plea of nolo contendere if he had known of them.

On April 20, 1998, appellant filed notice of appeal and a motion to set reasonable bail. The trial court set appellant's motion for new trial for a hearing on May 5, 1998. At the hearing, the State took the position that the trial court did not have authority to hear appellant's motion for new trial in the absence of an adjudication. Appellant

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

argued that the voluntariness of a plea is something the trial court can consider at any time after the plea is taken. Appellant also argued that a hearing on his motion for new trial would provide the opportunity to develop a record to show the involuntariness of his plea.

The trial court denied the motion for new trial. Appellant then made a bill of exceptions including a proffer of affidavits of appellant and an experienced criminal defense attorney, setting forth appellant's position that his plea was involuntary based on inadequate advice of counsel.

## Claims on Appeal

Appellant raises three interrelated points of error on appeal: (1) the trial court abused its discretion in refusing to hear and grant appellant's motion alleging that his plea was involuntary; (2) the trial court abused its discretion in refusing to hear appellant's motion for new trial; and (3) the trial court denied appellant's right to equal protection under the Texas and United States Constitutions when the court refused to hear his motion for new trial.[1] The common thread of appellant's arguments is that he has a right to a hearing to develop his claim of an involuntary plea, whether that be pursuant to a hearing on a motion for new trial (raising a claim of involuntary plea) or pursuant to the substance of that motion for new trial, *i.e.*, a motion to withdraw his plea. Appellant's argument seems to be strengthened by the recent holding of the court of criminal appeals that matters relating to the original plea proceeding resulting in deferred adjudication must be raised in an immediate appeal from the deferral of adjudication. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999) ("a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in

appeals taken when deferred adjudication community supervision is first imposed"). How is a defendant to successfully raise an appeal to the voluntariness of his plea without a hearing to develop those matters, which are usually outside the record, that show involuntariness?

## How to Raise Involuntariness of the Plea?

■ The trial prosecutor provided the answer when she argued that appellant should have moved for final adjudication within 30 days, as prescribed by article 42.12, section 5(a), of the Code of Criminal Procedure. TEX.CODE CRIM. P. ANN. art. 42.12, sec. 5(a) (Vernon Supp.2000). This would have afforded appellant a motion for new trial, and the applicable rules would have required the trial court to give appellant a hearing on his allegations of an involuntary plea. *See Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993) (trial court must afford defendant a hearing on motion for new trial raising matters not determinable from the record). There is no similar rule requiring a trial court to provide a defendant a hearing on his motion to withdraw his plea. *See DeVary v. State*, 615 S.W.2d 739, 740 (Tex.Crim.App. 1981) (holding that denial of hearing on motion to withdraw plea of guilty was no abuse of discretion where defendant's decision to withdraw was too late, *i.e.*, after the trial court had taken the case under advisement).

Motions for new trial and motions to withdraw guilty pleas are different. They have different purposes and different procedures, even though the result of granting each is the same. Furthermore, at least one court has found the similarity of result to be an insufficient reason to apply the rules governing a motion for new trial to a motion to withdraw a plea of guilty. *See Durst v. State*, 900 S.W.2d 134, 138 (Tex.App.—Beaumont 1995, pet. ref'd)

1. Appellant's claim of constitutional violation was not preserved by trial objection. *See Russell v. State*, 665 S.W.2d 771, 777 (Tex.

Crim.App.1983). Consequently, we do not address appellant's third point of error.

(holding that motion to withdraw guilty plea need not be in writing).

A motion for new trial gives a defendant a right to a hearing on matters not determinable from the record, but only if the defendant files the motion in writing within 30 days after sentence and presents the motion to the trial court within 10 days after filing, requesting a hearing. *See* TEX. R.APP. P. 21.4(a), 21.6. A motion to withdraw a plea of guilty need not be presented at any particular time, *see, e.g., State v. Ellis,* 976 S.W.2d 789, 791 (Tex.App.—Houston [1st Dist.] 1998, no pet.), but the trial court has broad discretion to deny a motion to withdraw a plea when it is raised after the case is taken under advisement. *See DeVary,* 615 S.W.2d at 740.

In a case very similar to this one, this Court held that the trial court's *granting* a motion for new trial was a nullity because there had been no adjudication. *Ellis,* 976 S.W.2d at 791. Nevertheless, because the trial court not only granted a motion for new trial, but went on to grant Ellis's request to withdraw his plea of guilty, this Court upheld the trial court's second action because the granting of a motion to withdraw the plea of guilty was within the trial court's discretion. *Id.* at 792. It would be a mistake, however, to equate our *Ellis* holding, that it was proper for the trial court to grant relief under circumstances where it granted a hearing and considered the merits of the defendant's requested relief, with a holding that it is improper for the trial court to deny a hearing on a defendant's motion for new trial raising an involuntary plea claim.

It is also troubling that appellant did not request the trial court to consider his motion for new trial as a motion to withdraw his plea, as he asks this Court to do. The way in which the issue was framed before the trial court was whether appellant had a right to a motion for new trial after receiving deferred adjudication. The trial court correctly decided that issue. Even if appellant had framed the issue at trial in terms of requesting the trial court to allow

appellant's withdrawal of an involuntary plea, appellant presents no authority requiring the trial court to hold a hearing to allow a defendant to introduce evidence on the matter. Furthermore, as pointed out above, *DeVary* is authority supporting the trial court's discretion in denying a hearing on a motion to withdraw a plea on the sole basis that the motion is filed after the trial court had taken the case under advisement. 615 S.W.2d at 740. Here, of course, the proceedings had gone even farther beyond taking the case under advisement than those in *DeVary*.

Under these circumstances, appellant should have first requested to withdraw his plea of nolo contendere. If the trial court denied appellant's request, as well as the opportunity to present evidence in support of the request, appellant should have, within 30 days of having received deferred adjudication, moved the trial court to a final adjudication. Appellant would have then been entitled to a motion for new trial, and a hearing on the motion, because of the affidavit attached. This approach is in harmony with prevailing law and does not require judicial imposition of new rules upon an unsuspecting trial court to reach an equitable result.

The dissenting opinion interprets rule 21.1 of the Rules of Appellate Procedure as allowing new trials after a trial court's findings other than a verdict of guilt. Present rule 21.1 of the Rules of Appellate Procedure provides: *"New trial* means the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." TEX.R.APP. P. 21.1 (emphasis in original). The present rule tracks the language of the former rule 30(a), which provided: "A 'new trial' is the rehearing of a criminal action after a finding or verdict of guilt has been set aside upon motion of an accused." Former TEX.R.APP. P. 30(a) (repealed). The former rule was derived from a statute that was repealed upon transfer of the provision for motions for new trial to the appellate rules. Former article 40.01 of

the Code of Criminal Procedure defined "new trial" as "the rehearing of a criminal action after verdict, before the judge or another jury." Act of May 27, 1965, 59th Leg., R.S., ch. 722, art. 40.01, 1965 Tex. Gen. Laws 317, 476 (repealed by Act of May 26, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472, 2472–73). The plain language of the former statute clearly contemplated an adjudication before a new trial. The interpretation of the dissenting opinion would enlarge the scope of a new trial to include a trial court's findings, in addition to adjudications.

The same statute authorizing the court of criminal appeals to make appellate rules that would replace articles of the Code of Criminal Procedure expressly provided: "The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of the litigants." Act of May 26, 1985, 69th Leg., R.S., ch. 685, § 1, 1985 Tex. Gen. Laws 2472, 2472. In 1987, the rulemaking powers of the court of criminal appeals were recodified in the Texas Government Code, again expressly limiting rulemaking powers so as not to modify the substantive rights of a litigant. TEX. GOV'T CODE ANN. § 22.108(a) (Vernon Supp.2000).

In *Davis v. State*, 870 S.W.2d 43 (Tex. Crim.App.1994), the court of criminal appeals was confronted with an issue of whether the rules of appellate procedure impermissibly gave a defendant a greater scope of appeal than the predecessor statute. *Id.* at 45. The court construed the rule so that it conformed to the predeces-

sor statute in order to abide by the legislature's prohibition against abridging, enlarging, or modifying the substantive rights of a litigant. *Id.* at 46.[2]

Here, we are confronted with a change of wording in the definition of new trial from "the rehearing of a criminal action after verdict, before the judge or another jury" to "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Applying an approach similar to that taken in *Davis* to the change in wording presented here, the new rule should be construed so that "of guilt" modifies both "finding" and "verdict." So construed, the new rule conforms to the former statute in providing for rehearings after adjudications in both bench trials and jury trials. Indeed, the Code of Criminal Procedure uses different terms for adjudications depending on whether the trial was to the court or to a jury. An adjudication in a court trial is a *finding* of guilt, while the adjudication in a jury trial is a *verdict* of guilt. *See* TEX.CODE CRIM. P. ANN. art. 42.01, § 1(7) (Vernon Supp.2000) ("The judgment should reflect: ... The verdict or verdicts of the jury or the finding or findings of the court;"). Thus, rule 21.1's use of the terms "finding" and "verdict" corresponds to the two types of trials, bench and jury, respectively, rather than two types of rulings a trial court can make.

What appellant did in this case was file a motion for new trial raising involuntariness of his plea, which the trial court properly denied in the absence of an adjudication. *See Ellis*, 976 S.W.2d at 791.

---

**2.** It is true that the court of criminal appeals has not always recognized the prohibition against modifying the substantive rights of the litigants. For example, in *Reyes v. State*, 849 S.W.2d 812 (Tex.Crim.App.1993), the court upheld the rule of appellate procedure which had deleted the former statute's phrase "and for no other" after the enumerated reasons for granting a new trial. *Id.* at 815. This change enlarged the scope of a motion for new trial thereby enlarging the substantive

rights of the defendant. The court apparently did not consider the prohibition, however, in *Reyes*. Moreover, the court was dealing with ineffective assistance of counsel which, the court acknowledged, had been considered a ground for granting a new trial even under the former statute. *Id.* at 814. Indeed, two judges concurred on the basis that ineffective assistance of counsel falls within a listed ground, where the defendant "has been denied counsel." *Id.* at 816.

Accordingly, we overrule appellant's three points of error.

### Conclusion

We affirm the judgment of the trial court.

Justice PRICE dissenting.

FRANK C. PRICE, Justice (Assigned), dissenting.

The question to be resolved here is whether a trial court judge can deny a defendant, who has received deferred adjudication, the right, under Rule 21 of the Texas Rules of Appellate Procedure, to pursue a motion for new trial without first asking the trial court to adjudicate guilt.

Pursuant to a partial plea agreement, appellant entered a plea to the offense of aggravated sexual assault and received deferred adjudication community supervision for five years. The conditions of community supervision, instead of being part of the agreement, were left to the discretion of the trial court. After the trial judge accepted the plea and heard the evidence, she made the finding the evidence substantiated guilt and announced the conditions of community supervision. Appellant felt they were too onerous and unreasonable. He filed a motion for new trial, pursuant to rule 21 of the Rules of Appellate Procedure, claiming his plea was involuntary because it was based on bad advice from his attorney. Tex.R.App. P. 21.2. Accompanying his motion were affidavits claiming ineffective assistance of counsel, maintaining that had he been made aware of the conditions of community supervision, he would never have entered his plea. *See* Tex.R.App. P. 21.7. Appellant, as a prerequisite to appeal, requested the hearing on the motion for new trial in order to develop evidence of the ineffective assistance that otherwise would not be determinable from the record. *See* Tex.R.App. P. 21.2. On the date of the hearing, the trial court refused to let appellant proceed.

The majority opinion takes the position that a defendant is not entitled to pursue a motion for new trial until the judgment reflects that a verdict of guilty has been entered. It does, however, acknowledge that an appeal on issues relating to the original plea proceeding that resulted in deferred adjudication community supervision is appropriate without a judgment of guilt being entered on the record. In fact, it is mandatory that such appeals be taken within 30 days of the imposition of the deferred adjudication community supervision. Tex.R.App. P. 26.2(a)(1) (where no motion for new trial is filed, defendant must appeal within 30 days after sentence is imposed or suspended); Tex.Code Crim. P. Ann. art. 42.12 § 23(b) (Vernon Supp. 2000) (defendant's right to appeal conviction and punishment accrues when defendant is placed on community supervision); *see Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999).

The majority opinion's answer to the dilemma that a defendant can appeal to a higher court from a deferred adjudication holding, but cannot pursue a new trial under the same circumstances, is that appellant should have moved for a final adjudication as provided in article 42.12, section 5(a) of the Code of Criminal Procedure.[1] After adjudication of guilt, according to the majority, appellant could then pursue his motion for new trial and develop his evidence on his allegation that he was denied effective assistance of counsel.

Based on the majority's reasoning, let us examine appellant's options. He can directly appeal his claim of ineffective assistance, but he will automatically lose because the issue would not have been developed enough to be determinable from the record. *See* Tex.R.App. P. 21.2. Secondly, appellant can move for final adjudication, and because this is an article 42.12, § 3g offense, the trial judge must sentence him to the penitentiary as a first degree felon,

---

1. Tex.Code Crim. P. Ann. art. 42.12 § 5(a) (Ver-  non Supp.2000).

and then he is ineligible to make bond pending appeal. TEX.CODE CRIM. P. ANN. art. 42.12, § 3g(a)(1)(E) (Vernon Supp. 2000) (prohibiting the trial judge from assessing a community supervision sentence); TEX.CODE CRIM. P. ANN. art. 44.04(b) (Vernon Supp.2000) (defendant may not be released on bail pending the appeal where the defendant has been convicted of an offense listed under Section 3g(a)(1), article 42.12).[2] Therefore, is it better for a defendant to automatically lose his appeal, or automatically lose his freedom with the possibility of losing his appeal? I cannot answer that question, but there is no justice in either of these options.

I think the majority opinion, requiring appellant to first move for an adjudication of guilt before pursuing a motion for new trial, misconstrues the law governing such motions. Rule 21.1 of the Texas Rules of Appellate Procedure controls the situation. TEX.R. APP. 21.1. It defines a new trial as "the rehearing of a criminal action after the trial court has, on the defendant's motion, *set aside a finding* or verdict of guilt." (Emphasis added.) The rule contemplates that some findings by a trial court, other than a verdict of guilt, will dispose of a criminal action and still impose sanctions on a defendant.

In the present case, the trial court made its finding of guilt as required by the statute regulating motions for new trial. Prior to deferring proceedings and placing appellant on community supervision, the trial judge accepted appellant's plea, heard evidence, and made the requisite *finding* that the evidence substantiated appellant's guilt. *See* TEX.CODE CRIM. P. ANN. art. 42.12 § 5(a) (requiring such finding before community supervision is imposed.) It is from this finding that appellant predicates his motion for new trial.

The majority claims this interpretation of rule 21.1 modifies and enlarges the substantive rights of a defendant beyond the requirements of a former rule which. allowed the pursuit of a motion for new trial

only after an adjudication of guilt. I disagree. The rules should be read and interpreted to harmonize with existing statutes, not used to treat a litigant unfairly.

When the legislature enacted article 42.12, sec. 23(b) of the Code of Criminal Procedure, it started the time running on the defendant's right to appeal from the date community supervision is imposed. TEX.CODE CRIM. P. ANN. art. 42.12 § 23(b) (Vernon Supp.2000). To harmonize with this statute, rule 26.2 was promulgated to require the filing of a notice of appeal within 30 days after the day sentence is imposed or suspended in open court. TEX. R.APP. P. 26.2(a)(1).

Likewise, Texas Code of Criminal Procedure Annotated, article 42.12 § 5 requires the trial court judge, before assessing deferred adjudication community supervision after a plea of guilty or nolo contendere, to hear the evidence and make a "finding" that the evidence substantiates the defendant's guilt. I believe that Texas Rule of Appellate Procedure 21.1, should be interpreted to harmonize with this statute. It allows for a new trial after the trial court sets aside a finding or verdict of guilt. The finding of guilt should be interpreted as the finding required in article 42.12 § 5 of the Code of Criminal Procedure. Otherwise, rules 21.1 and 21.2 cannot be harmonized with any existing statute, and rule 21.2 becomes meaningless.

Contrary to the majority's opinion, it is not harmonizing to require a defendant to ask the trial court to send him to the penitentiary where he must sit without bail before he can pursue a required motion for new trial after being assessed deferred adjudication community supervision.

The trial court erred in denying appellant his hearing on his motion for new trial. I, therefore, respectfully dissent from the majority's holding.

---

**2.** Act of May 19, 1999, 74th Leg., R.S., ch. 546, § 1, 1999 Tex. Gen. Laws 3042–43, 3044.