Opinion issued September 26, 2002 









 

In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00726-CR






EARL BRUCE SCOTT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 874755






 

O P I N I O N

 Appellant, Earl Bruce Scott, pleaded guilty to possessing less than one gram
of cocaine. In accordance with a plea agreement, appellant received three years
deferred adjudication and was assessed a fine of $500. 

 In two points of error, appellant claims the trial court violated his federal
constitutional right to due process because he did not understand the charges against
him and because he was not competent when he entered his plea. In his remaining
points of error, appellant contends the trial court abused its discretion by (1) denying
his motion for new trial; (2) not withdrawing appellant's guilty plea sua sponte; and
(3) failing to empanel a jury to determine his competency. For the following reasons,
we affirm.

Facts

 Because appellant waived his right to a reporter's record of the plea hearing,
we have no record of that hearing other than the written documents completed
pursuant to appellant's plea. (1) These documents include the signed plea,
admonishments, and the order deferring adjudication. The written admonishments
contained the following instruction: 

 

 Pursuant to Article 26.13 (d), Code of Criminal Procedure,
the Court admonishes you the Defendant as follows and
instructs you to place your initials by each item if you fully
understand it:


Appellant initialed all but two of the admonishment paragraphs. The first uninitialed
admonishment waived appellant's right to appeal. The second uninitialed statement
read:

 (1) I am mentally competent and I understand the 
 nature of the charge against me;


However, appellant initialed the following statements:

 (9) I fully understand the consequences of my
plea herein, and after having fully consulted
with my attorney, request that the trial court
accept said plea;


 (10) I have freely, knowingly, and voluntarily
executed this statement in open court with the
consent and approval of my attorney.


Additionally, appellant initialed two subsequent written statements indicating: 1) that
the admonishments, statements, and waivers were fully explained to him and 2) that
the appellant made his plea freely and voluntarily and was mentally competent to
stand trial.

 Thereafter, through substituted counsel, appellant filed a motion for new trial
challenging the validity of the plea. Appellant claimed his guilty plea was
involuntary and that he was mentally incompetent when he pleaded guilty. At the
new trial hearing, appellant's former trial counsel, A.J. Brussard, testified that he had
explained to appellant the two paragraphs that appellant did not initial. Brussard also
testified he had check-marked each of the admonishments as he explained them to
appellant, and believed the omitted initials were an oversight. 

 In addition, when Brussard asked appellant, during the plea hearing, whether
he had ever been treated for mental illness, appellant denied any illness. 
Furthermore, appellant did not tell Brussard that he had been prescribed any
medication. Nothing in Brussard's testimony suggests that appellant was mentally
incompetent or unable to understand the admonishment explanations. 

 At the new trial hearing, appellant testified that he had been prescribed anti-depressants and was being treated for depression during the two and a half months
before he pleaded guilty. He also stated that he told jail officials he needed
medication during the intake screening process, but that he did not receive any
medication for four or five days before he pleaded guilty. 

 Appellant stated he was confused, depressed, and unable to understand his
guilty plea. He claims he did not initial the statement concerning his mental
competency because of his mental state and inability to remember the events
surrounding the alleged offense. Furthermore, appellant indicated that he consciously
chose not to initial the admonishment waiving his right to appeal because his attorney
had not answered all of his questions concerning the admonishments. The trial court
denied appellant's motion for new trial.

Insufficient Record

 In his first and fourth points of error, appellant claims the record is insufficient
to show that he understood the nature of the accusations against him or that he was
competent to stand trial when he pleaded guilty.

 A. Knowing and Intelligent Entry of Plea

 A guilty plea must be entered knowingly and intelligently to be constitutionally
valid. Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969). A record
that indicates the trial court properly admonished the defendant presents a prima facie
showing that the guilty plea was made knowingly and intelligently. See Martinez v.
State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Soto v. State, 837 S.W.2d 401
(Tex. App.--Dallas 1992, no pet.). Moreover, we presume the proceedings and
recitations are regular. Breazeale v. State, 683 S.W.2d 446, 447 (Tex. Crim. App.
1984); Dusenberry v. State, 915 S.W.2d 947, 949 (Tex. App.--Houston [1st Dist.]
1996, pet. ref'd). 

 When the record presents a prima facie showing that the plea was knowing and
voluntary, the burden shifts to the defendant to show he entered the plea without
understanding its consequences. Edwards v. State, 921 S.W.2d 477, 479 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). An accused who attests that he understood
the nature of his plea and that it was voluntary has a heavy burden on appeal. Id.;
Thornton v. State, 734 S.W.2d 112, 113 (Tex. App.--Houston [1st Dist.] 1987, pet.
ref'd); see also Tex. R. App. P. 34.6(c)(4); Galvan v. State, 942 S.W.2d 185, 186
(Tex. App.--Houston [1st Dist.] 1997, pet. ref'd) (citing former Rule 50(d)). It is
appellant's burden to present an adequate record showing error on appeal. See Tex.
R. App. P. 34.6(c)(4); Galvan, 942 S.W.2d at 186. 

 Appellant waived his right to a reporter's record of the plea hearing. The
written admonishments and recitations show that the trial court properly admonished
appellant. Appellant's evidence is limited to his testimony at the hearing on his
motion for new trial. Appellant's uncorroborated testimony does not overcome the
prima facie showing that he understood his plea or the presumption that he was
properly admonished. See Fimberg v. State, 922 S.W.2d 205, 208 (Tex.
App.--Houston [1st Dist] 1996, pet. ref'd) (holding defendant's uncorroborated claim
he was misinformed by counsel was not sufficient to show that guilty plea was
involuntary).

 We overrule appellant's first point of error.

 B. Competence 

 Appellant contends his plea of guilty was constitutionally invalid because the
record does not show that he was competent to stand trial when he entered his guilty
plea. Appellant argues that because the record does not show that the trial court made
an explicit affirmative determination that appellant was competent to stand trial, the
trial court should not have accepted appellant's guilty plea. We disagree.

 Under article 26.13 of the Code of Criminal Procedure, "[n]o plea of guilty or
plea of nolo contendere shall be accepted by the court unless it appears that the
defendant is mentally competent and the plea is free and voluntary." Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2002); Rachuig v. State, 972 S.W.2d 170,
177 (Tex. App.--Waco 1998, pet. ref'd) (holding trial court did not err in failing to
make express inquiry into defendant's competence when record raised strong
presumption that court believed defendant was mentally competent when he entered
plea). Recitations by the trial court are binding, and the appellant must overcome
presumed finding of competence. See Singleton v. State, 986 S .W.2d 645, 651 (Tex.
App.--El Paso 1998, pet. ref'd). The Code of Criminal Procedure also presumes
competence and clearly places the burden on the appellant to bring forward evidence
of incompetence. Tex. Code Crim. Proc. Ann. art. 46.02 § 1(b) (Vernon Supp.
2002); Brown v. State, 960 SW2d 772, 777 (Tex. App.--Dallas 1997, pet. ref'd).

 As noted above, appellant presents no record of the plea hearing, yet it is his
burden to present a record showing error on appeal. The trial court found that
appellant was mentally competent and that appellant knowingly and voluntarily
entered his guilty plea. Additionally, appellant's former trial counsel's testimony was
consistent with the trial court's recitation of competency. Appellant does not present
a record on appeal that either affirmatively contradicts the recitation or overcomes the
presumption of competence. 

 We overrule appellant's fourth point of error.

Motion for New Trial

 In his second point of error, appellant claims the trial court abused its
discretion by denying his motion for new trial because appellant's testimony raised
an issue about the voluntariness of his guilty plea. In his fifth point of error, appellant
contends the trial court abused its discretion by denying the motion for new trial
because appellant established he was not competent to stand trial. We disagree.

 A motion for new trial is not appropriate in a deferred adjudication case. 
Donovan v. State, 17 S.W.3d 407, 410 (Tex. App.--Houston [1st Dist.] 2000), aff'd
68 S.W.3d 633 (Tex. Crim. App. 2002) (holding that trial court properly denied
motion for new trial in absence of adjudication of guilt); State v. Davenport, 866
S.W.2d 767, 770 (Tex. App.--San Antonio 1993, no pet.).

 We review appellant's motion for new trial as a motion to withdraw a guilty
plea, from which it is indistinguishable. See Dusenberry, 915 S.W.2d at 949. A
motion to withdraw a plea of guilty may be made at any time, but the trial court has
broad discretion to deny the motion when it is raised after the court takes the case
under advisement. DeVary v. State, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981);
Donovan, 17 S.W.3d at 410; State v. Ellis, 976 S.W.2d 789, 792 (Tex.
App.--Houston [1st Dist.] 1998, no pet.).

 A trial court takes the case under advisement when it announces there is
sufficient evidence to support a finding of guilt. Jackson v. State, 590 S.W.2d 514,
515 (Tex. Crim. App. 1979); Zuazu v. State, 691 S.W.2d 88, 90 (Tex. App.--Houston
[1st Dist.] 1985, pet. ref'd); see also Washington v. State, 893 S.W.2d 107, 107 (Tex.
App.--Dallas 1995, no pet.) (holding that case is taken under advisement when each
side has concluded its case, defendant has entered plea of guilty, plea has been
accepted, and necessary admonishments have been given). Here, the appellant
entered a plea of guilty, and the court admonished the appellant, accepted the plea,
and found sufficient evidence of guilt. 

 Because the trial court has broad discretion to deny a motion for new trial after
taking the case under advisement and because the only evidence suggesting that
appellant was incompetent and that the plea was involuntary was the uncorroborated,
sole testimony of appellant, we hold the trial court did not abuse its discretion by
refusing to allow appellant to withdraw his guilty plea. 

 We overrule appellant's second and fifth points of error. 

Sua Sponte Withdrawal Of Plea

 In his third point of error, appellant contends the trial court abused its
discretion by failing to withdraw his guilty plea sua sponte. A trial court is required
to withdraw a plea of guilty sua sponte only if, after examining the totality of the
circumstances, sufficient evidence reasonably raises an issue of the defendant's
innocence. Sullivan v. State, 573 S.W.2d 1, 1-3 (Tex. Crim. App. 1978); Edwards,
921 S.W.2d at 480.

 Appellant's claim of innocence came only during the motion for new trial
hearing. Appellant testified that he did not have any drugs in his possession and that
he was in someone else's vehicle when he was arrested. Because the order deferring
adjudication reflects the trial court's satisfaction with the State's evidence of guilt and
because the only evidence suggesting appellant's innocence was his sole
uncorroborated testimony, the trial court did not abuse its discretion by refusing to
withdraw the guilty plea sua sponte. 

 We overrule appellant's third point of error.

Jury's Determination of Competence

 In his sixth point of error, appellant claims the trial court erred by failing to
empanel a jury to decide his competency to stand trial. Appellant claims the trial
court was required to empanel a jury to determine appellant's competence under
article 46.02 section 4(a) of the Code of Criminal Procedure. Tex. Code Crim. Proc.
Ann. art. 46.02 § 4(a) (Vernon Supp. 2002). Under section 4(a), however, the trial
court is required to empanel a jury only after conducting a competency hearing out
of the presence of the jury and determining there is evidence to support a finding of
incompetency. Tex. Code Crim. Proc. Ann. art. 46.02 § 4(a) (Vernon Supp. 2002);
Tex. Code Crim. Proc. Ann. art. 46.02 § 2(b) (Vernon Supp. 2002). 

 Appellant relies on Casey v. State, 924 S.W.2d 946 (Tex. Crim. App 1996),
which held that the trial court erred by refusing to evaluate evidence of appellant's
competence to determine whether it supported a finding of incompetency to stand
trial under article 46.02 § 2(b). Casey, 924 S.W.2d at 948. Here, the trial court
considered evidence of appellant's competence at the hearing on the motion for new
trial. Although appellant raised the issue of his competency through his own
testimony, the documentary evidence and the testimony of appellant's former trial
counsel show that appellant was competent. The trial court need not conduct a
section 2(b) hearing unless the evidence raises a bona fide doubt that the defendant
had sufficient present ability to consult with a lawyer with a reasonable degree of
understanding or that he understands the proceedings against him. Mata v. State, 632
S.W.2d 355, 359 (Tex. Crim. App. 1982). Evidence that raises a bona fide doubt is
evidence that causes a real doubt in the judge's mind concerning the defendant's
competency. Id. at 358.

 When considered against the abundant evidence that appellant was competent,
appellant's controverted testimony was not enough to raise a real doubt in the mind
of the trial court concerning competency. We therefore find no abuse of discretion
in declining to empanel a jury to decide appellant's competency. 

 We overrule appellant's sixth point of error. 

 We affirm the judgment of the trial court. 

 


 

 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Price. (2)


Do not publish. Tex. R. App. P. 47.4.
1. Facts concerning the underlying offense are not part of the record and not
pertinent to the resolution of this appeal.
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.