ACCEPTED
13-14-00556-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/25/2015 8:51:24 AM
DORIAN RAMIREZ
CLERK

#13-14-00556-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/25/2015 8:51:24 AM
DORIAN E. RAMIREZ
Clerk

Thirteenth Court of Appeals, Corpus Christi & Edinburg

**THE STATE OF TEXAS**,

Appellant

v.

**SHIELA CASSIANO**,

Appellee

ON STATE'S APPEAL FROM THE 319TH DISTRICT COURT
OF NUECES COUNTY, CAUSE #13-CR-3493-G

# <u>STATE'S BRIEF</u>

A. Cliff Gordon

Tex. Bar #00793838

Asst. Dist. Atty., 105th Dist.

Nueces County Courthouse

901 Leopard St., Rm. 206

Corpus Christi, TX 78401

361.888.0410 phone

361.888.0399 fax

cliff.gordon@nuecesco.com

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**    The State of Texas, District Attorney for the 105th Judicial District, represented by

Appellate counsel:

      A. Cliff Gordon, Asst. Dist. Atty.
      901 Leopard St., Rm. 206
      Corpus Christi, TX 78401

Trial and appellate counsel:

      Mark Skurka, District Attorney
      David Armbruster, Asst. Dist. Atty.
      901 Leopard St., Rm. 206
      Corpus Christi, TX 78401

**Appellee:**    Shiela Cassiano, represented by

Appellate Counsel:

      Chris Waller
      400 Mann St., Ste. 700
      Corpus Christi, TX 78401

Trial Counsel:

      E. Nicholas Milam
      P.O. Box 18485
      Corpus Christi, TX 78480

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................... ii

INDEX OF AUTHORITIES ................................................................. iv

STATEMENT OF THE CASE ................................................................ v

ISSUE PRESENTED ..................................................................... vi

The trial court accepted Cassiano's plea of no contest and placed
her on deferred probation. By definition, Cassiano's guilt had
not been adjudicated. Did the trial court err by granting
Cassiano a 'new trial' while she was on deferred probation? ........... vi

STATEMENT OF FACTS ................................................................. 1

SUMMARY OF THE ARGUMENT ............................................................ 2

ARGUMENT .......................................................................... 2

The trial court lacked authority to grant a new trial while
Cassiano was on deferred probation ............................................... 2

    A. Legal Standards ............................................................ 2

    B. Discussion ................................................................. 4

PRAYER ............................................................................ 4

CERTIFICATE OF SERVICE ............................................................ 5

# INDEX OF AUTHORITIES

**Cases**

Donovan v. State, 68 S.W.3d 633 (Tex. Crim. App. 2002) ........................ 2, 3, 4

State v. Ellis, 976 S.W.2d 789 (Tex. App.—Houston [1st Dist.] 1998, no
 pet.) ...............................................................................3, 4

State v. Garza, 13-09-00125-CR, 2010 WL 746713 (Tex. App.—Corpus
 Christi Mar. 4, 2010, no pet.) ...............................................2, 3

**Statutes**

Tex. Code Crim. Proc. art. 11.08.........................................................4

Tex. Code Crim. Proc. art. 11.09.........................................................4

Tex. Code Crim. Proc. art. 42.12....................................................3, 4

**Rules**

Tex. R. App. P. 21 ....................................................................3, 4

# STATEMENT OF THE CASE

| | |
|---|---|
| Nature of the Case | A Grand Jury indicted Cassiano on charges of Burglary of a Habitation to Commit a Felony and Aggravated Assault.  CR 7-8. |
| Course of Proceedings | During jury deliberations, Cassiano changed her plea to no contest, and on July 28, 2014, the trial court placed her on deferred probation for two years.  CR 64-94, 97; RR 5:65-68.  Also on July 28, Cassiano moved for a new trial.  CR 95. |
| Trial Court's Disposition | On August 19, 2014, the trial court granted the motion for new trial.  CR 99. |

# ISSUE PRESENTED

The trial court accepted Cassiano's plea of no contest and placed her on deferred probation. By definition, Cassiano's guilt had not been adjudicated. Did the trial court err by granting Cassiano a "new trial" while she was on deferred probation?

## STATEMENT OF FACTS

A Grand Jury indicted Appellee, Shiela Cassiano, on charges of Burglary of a Habitation to Commit a Felony and Aggravated Assault. CR 7-8. On July 22, 2014, jury selection began. RR 2:8. On July 24, the parties rested and argued, and the court submitted the case to the jury. RR 5:15, 29, 45, 62-63. During jury deliberations, Cassiano changed her plea to no contest. CR 5:65-68.

On July 28, 2014, Cassiano formally pled no contest by Judicial Stipulation and Certification of Discovery. CR 64-94. That same day, the trial court placed Cassiano on deferred probation for two years. CR 97. Also on July 28, Cassiano filed a motion for new trial on the grounds of (1) insufficiency of the evidence to support "conviction . . . at trial" and (2) if evidence supports the charges, her conduct was justified. CR 95.

On August 19, 2014—without a hearing—the trial court granted Cassiano's motion for new trial. CR 99.

1

## SUMMARY OF THE ARGUMENT

Cassiano received deferred probation on the same day that she moved for a new trial. The Court of Criminal Appeals has held that a defendant on deferred probation has not been found guilty and, thus, cannot receive a new trial. *Donovan v. State*, 68 S.W.3d 633, 635-37 (Tex. Crim. App. 2002), *cited with approval in State v. Garza*, 13-09-00125-CR, 2010 WL 746713, at *1-2 (Tex. App.—Corpus Christi Mar. 4, 2010, no pet.) (not designated for publication). Therefore, the trial court erred by granting Cassiano a new trial, and its order granting a new trial is a nullity.

## ARGUMENT

**The trial court lacked authority to grant a new trial while Cassiano was on deferred probation.**

**A.** **Legal Standards.** The Court of Criminal Appeals' decision in *Donovan v. State* controls here—

> Rule 21.1 defines "new trial" as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt."
>
> * * *
>
> Under the deferred adjudication scheme, a judge does not make a "finding of guilt"; instead the judge makes a finding that the evidence "substantiates the defendant's guilt" and then defers

2

the adjudication. . . . A defendant on deferred adjudication has not been found guilty. That is one of the signal benefits of deferred adjudication as opposed to, for instance, regular community supervision. When adjudication is deferred, there is no "finding or verdict of guilt." Because there is no finding or verdict of guilt, there is nothing that can be set aside so as to create an occasion for implementation of Rule 21.

Other portions of Rule 21 support this conclusion. Rule 21.4(a) permits the defendant to "file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." Rule 21.8 provides that the trial court "must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court." Under the deferred adjudication scheme, there is no conviction, and therefore, no sentence to impose or suspend. Because Rule 21 provides for the trial court to rule on a motion for new trial within 75 days *after* imposing or suspending sentence, the rule indicates that a motion for new trial is not available at the time adjudication is deferred.

68 S.W.3d 633, 635-36 (Tex. Crim. App. 2002) (construing TEX. R. APP. P. 21 *and* TEX. CODE CRIM. PROC. art. 42.12 § 5(a); footnotes omitted), *cited with approval in State v. Garza*, 13-09-00125-CR, 2010 WL 746713, at *1-2 (Tex. App.—Corpus Christi Mar. 4, 2010, no pet.) (not designated for publication). An order purporting to grant a new trial prior to adjudication is a nullity. *State v. Ellis*, 976 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("[A] motion for new trial contemplates an

3

adjudication. Therefore, the trial court erred in granting appellee's motion for new trial. That action was a nullity.").

Instead of seeking a new trial, a defendant wishing to challenge her deferred probation may either (1) within 30 days of receiving probation, move for adjudication; or (2) file a writ of habeas corpus. *Donovan*, at 637-38 (construing TEX. CODE CRIM. PROC. arts. 11.08, 11.09, 42.12 § 5).

**B. Discussion.** Here, Cassiano pleaded no contest in exchange for deferred probation and filed a motion for new trial on the same day. Because adjudication was deferred by the trial court, Cassiano was never convicted of the charged offenses. Art. 42.12 § 5(a); *Donovan*, 68 S.W.3d at 636. Absent a finding or verdict of guilt, there was nothing for the trial court to set aside, and Rule 21 is inapplicable. *Donovan*, at 636; TEX. R. APP. P. 21. Consequently, the trial court lacked authority to grant a new trial, and its order purporting to do so is a nullity. *Ellis*, 976 S.W.2d at 791.

## PRAYER

For these reasons, the State requests that the Court vacate the trial court's order that purported to grant Cassiano a new trial and reinstate the

4

trial court's order that placed Cassiano on deferred probation. The State prays for all other proper relief.

Respectfully Submitted,

/s/ A. Cliff Gordon
A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

## CERTIFICATE OF SERVICE

On March 25, 2015, a true copy of the foregoing was served via eServe on the following:

Mr. Chris Waller
400 Mann St., Ste. 700
Corpus Christi, TX 78401
Appellate Counsel for Appellee

/s/ A. Cliff Gordon
A. Cliff Gordon