

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00254-CR

_____

JASON A. HUFF, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1651785D

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

After a hearing, the trial court revoked Jason A. Huff's deferred adjudication community supervision, adjudicated him guilty of the offense of sexual assault of a child under seventeen years old, and sentenced him to fifteen years' confinement. Huff raises two points on appeal. First, he argues that the trial court abused its discretion by failing to construe his motion for new trial, which he filed after the first day of the hearing, as a motion to withdraw his guilty plea. Second, he challenges the trial court's failure to hold a hearing on his postjudgment motion for new trial and motion to withdraw his guilty plea. Because we may not consider the merits of Huff's first point and because he has not preserved his second point, we will affirm.

## Background

Huff was charged with sexual assault of A.D., his fourteen-year-old relative, and three counts of indecency with a child by sexual contact.[1] Huff signed a plea agreement under which he agreed to plead guilty to sexual assault in return for being placed on deferred adjudication community supervision for seven years and the State's

---

[1]Those counts were intentionally, with the intent to arouse or gratify the sexual desire of any person, engaging in sexual contact by touching any part of the genitals of A.D., a child younger than seventeen years of age (count two); intentionally, with the intent to arouse or gratify the sexual desire of any person, causing A.D., a child younger than 17 years of age, to engage in sexual contact by causing A.D. to touch any part of the genitals of the defendant (count three); and intentionally, with the intent to arouse or gratify the sexual desire of any person, engaging in sexual contact by touching the breast of A.D., a child younger than seventeen years of age (count four).

waiving the indecency-by-contact counts. The plea paperwork that Huff signed included a judicial confession in which Huff swore that he had read the indictment and had "committed each and every act alleged therein, except those waived by the State"; that all facts alleged in the indictment were true; that he was "guilty of the instant offense(s) as well as all lesser included offenses"; and that he understood "what [he had been] charged with and ple[d] guilty to the charge listed on page one of th[e] document." In accordance with the agreement, on May 20, 2022, a magistrate judge placed Huff on deferred adjudication.

A week after the deferred adjudication proceeding, the State filed a petition to proceed to adjudication because Huff had failed to report to the Tarrant County Community Supervision and Corrections Department (CSCD) as ordered by the magistrate court as a condition of his community supervision. The State filed an amended petition on August 2, 2022. The amended petition asserted that Huff had failed to report at any time during July 2022, had failed to attend a required sex-offender treatment program, had failed to register as a sex offender, had failed to notify his supervising officer about a change of address, and had resided in a household with a child under seventeen years of age.

At the hearing on the petition, Huff testified that he had become homeless and had not understood how to register as a sex offender while homeless. He further testified that once he had found a home, he had given that address to his probation officer and had made an appointment with her, but she had not shown up. On cross-

3

examination, he was asked about the underlying charge to which he had pled guilty, and he disagreed with the prosecutor about a detail of the offense:

> Q. Mr. Huff, you're on probation for an offense called sexual assault of a child; you understand that?
>
> A. Yes, sir.
>
> Q. And the victim in this case is your [relative] right?
>
> A. Yes, sir.
>
> Q. She was 14 years old at the time you sexually abused her; isn't that true?
>
> A. No, sir.
>
> Q. You pled guilty to making her put your penis in her mouth; do you understand that?
>
> A. I pled guilty to a charge . . . .
>
> . . . .
>
> Q. (BY [the prosecutor]) You pled guilty to Count One of the indictment[,] which alleges that you forced her mouth, your [relative], to contact your male sex organ. Do you understand that's what you pled guilty to?
>
> A. I pled guilty to sexual misconduct under the age of 17. There were no details applied for that plea.
>
> Q. And you pled guilty to that, right, and in exchange, you were offered probation?
>
> A. Correct, sir.
>
> . . . .

Q. What do you think should happen to someone who forcibly makes a 14-year-old put their mouth on his penis and then violates his probation on day one?

A. I'm taking responsibility for my actions in regards to my probation.

During Huff's attorney's closing argument, the trial court interrupted to ask the attorney, who had not represented Huff in the underlying plea proceeding, whether the attorney was "concerned that [his] client [wa]s not accepting responsibility despite pleading guilty to the offense." The trial court continued, "I mean, he's saying, I just pled guilty because I had to plead guilty, or for whatever reason, but he's saying he didn't commit the sexual assault." The trial court expressed concern that Huff had not actually agreed to the plea agreement: "[T]his doesn't sound like this was, well, an agreement. At least that's what I'm hearing from the person that was on the stand named the Defendant." To Huff's attorney, the trial court asked, "[D]oesn't [that] cause you to pause?" Huff's attorney responded that in his many years of practice, he had "seen a lot of people plead guilty to a lot of things whether they are willing to admit immediately following the plea or not."

The trial court then stated that its plenary jurisdiction had not yet elapsed, and therefore if Huff wanted to file a motion for new trial, the trial court might "seriously consider it [and] place [Huff] back in the original position[,] and we'll have a trial on the matter, if [Huff] so cho[o]se[s], on the merits, with a jury." After conferring with

5

Huff, Huff's attorney announced that he would be filing a motion for new trial that afternoon.

The trial court indicated that it had not definitely decided to grant the motion if filed and expressed its belief that it needed the State's consent because more than thirty days had passed since the court's deferred adjudication order. The prosecutor indicated that he needed to talk to the complainant first, and the trial court agreed and stated that it wanted to hear the State's "candid thoughts" because "if a person is claiming he's truly innocent and entered his plea less than freely and voluntarily and then he wants to have the exposure of facing all four counts, under the law and the appropriate circumstances, stacking can be appropriate." The trial court then scheduled the hearing to resume the next afternoon.

When the hearing resumed the next day, however, the trial court stated that it had been incorrect the previous day and that under Texas Rule of Appellate Procedure 21, the motion for new trial was untimely. *See* Tex. R. App. P. 21.4 (allowing a defendant to file a motion for new trial "before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court").[2] Huff did not object or ask the trial court to consider the new-trial motion as

---

[2]However, the Court of Criminal Appeals has held that Rule 21 applies only after a defendant has been adjudicated, and thus a trial court cannot grant a new trial to a defendant who is on deferred adjudication. *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). But a defendant whose adjudication was deferred may move for adjudication and request that the trial court withdraw the guilty plea. *Id.* at 637.

6

a motion to withdraw his guilty plea. The parties then proceeded with their closing arguments.

At the conclusion of the hearing, the trial court found true the allegations that Huff had failed to report to CSCD and to comply with sex-offender registration requirements, adjudicated Huff guilty, and sentenced him to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Huff then filed another motion for new trial, styled as a combined motion for new trial and motion to withdraw his guilty plea. The motion was overruled by operation of law.

## Discussion

### I. First Motion for New Trial

In his first issue, Huff argues that the trial court had the authority and discretion to allow Huff to withdraw his plea at the revocation hearing and that the trial court should have construed his first motion for new trial as a motion to withdraw his plea and should have then ruled on the motion. *See State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992) (noting that motion's title is not controlling); *cf. Pacheco v. State*, 440 S.W.3d 744, 748 (Tex. App.—Amarillo 2013, pet. ref'd) (stating that trial court has discretion to allow defendant to withdraw guilty plea while on deferred adjudication).

Regarding how the trial court construed the motion, the trial court's language on the first day of the hearing, combined with its citing Rule 21 on the second day,

7

indicate that the trial court did not view the motion to be anything but an untimely motion for new trial. *See Donovan v. State*, 17 S.W.3d 407, 410 (Tex. App.—Houston [1st Dist.] 2000) (considering appeal from denial of new-trial motion following trial court's deferred adjudication order and stating that it was "troubling that appellant did not request the trial court to consider his motion for new trial as a motion to withdraw his plea, as he asks this [c]ourt to do"), *aff'd*, 68 S.W.3d at 633. Huff neither asked the trial court to consider the motion as a motion to withdraw his plea nor orally moved to withdraw the plea, and he did not object to the trial court's characterization of the motion as untimely or its application of Rule 21. *See* Tex. R. App. P. 33.1. As for Huff's argument that the trial court should have ruled on the motion, the trial court did in effect overrule the motion on the ground that it was untimely.

Given these circumstances, we construe Huff's argument under his first point to be that the trial court abused its discretion by not considering the substance of the motion. Further, given Huff's brief's statements that the trial court had the discretion to allow him to withdraw his plea and his assertions about the trial's court willingness to entertain the motion on the first day of the hearing, we construe his brief to argue that the trial court should have granted the relief requested in the motion. However, we have no jurisdiction to consider the merits of Huff's claim.

We have jurisdiction over an appeal from a deferred adjudication revocation proceeding, but we may not address the merits of a defendant's issue on appeal if the

8

issue is one that the defendant *could have* raised in an appeal from the original deferred adjudication order. *See Manuel v. State*, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999) (holding that court of appeals did not err in refusing to address the merits of the appellant's claim on appeal because the claim could have been brought in an appeal from initial judgment imposing deferred adjudication); *cf. Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) (noting that failure to raise issues in direct appeal from initial deferred adjudication order results in procedural default of those issues). Thus, although a defendant who is placed on deferred adjudication and subsequently adjudicated may appeal, the defendant may not raise issues challenging the original plea. *Middleton v. State*, 634 S.W.3d 46, 51 (Tex. Crim. App. 2021); *see also Manuel*, 994 S.W.2d at 661–62; *Chew v. State*, No. 01-08-00698-CR, 2010 WL 3220633, at *2 (Tex. App.—Houston [1st Dist.] Aug. 12, 2010, pet. ref'd) (mem. op., not designated for publication). Instead, a defendant wishing to challenge his or her original plea must file a motion for new trial or pursue habeas relief.[3] *See Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001); *see also Middleton*, 634 S.W.3d at 51 (noting that "a defendant whose guilt is adjudicated after a deferral can file a motion for new trial as to the plea").

---

[3]This restriction does not apply to a person appealing from a void judgment, but a judgment revoking deferred adjudication is not rendered void by an involuntary plea. *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); *Davis v. State*, No. 02-21-00140-CR, 2022 WL 15053322, at *2 (Tex. App.—Fort Worth Oct. 27, 2022, no pet.) (mem. op., not designated for publication).

Because Huff's first point on appeal is a complaint about the trial court's review and disposition of his first new-trial motion—a motion that challenged his original plea proceeding—we may not consider the point's merits. *See Manuel*, 994 S.W.2d at 661–62; *Webb v. State*, 20 S.W.3d 834, 836 (Tex. App.—Amarillo 2000, no pet.). Accordingly, we dismiss it for lack of jurisdiction.

## II. Second (Postjudgment) Motion for New Trial

Huff's second point is a procedural complaint related to the adjudication proceeding: he argues that the trial court erred by failing to hold a hearing on his postjudgment motion for new trial. However, the record does not reflect that Huff set the motion for a hearing or otherwise presented it to the trial court. *See Montelongo v. State*, 623 S.W.3d 819, 824 (Tex. Crim. App. 2021); *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Huff argues that with electronic filing, merely filing a motion with the trial court clerk satisfies the presentment requirement. We disagree. *See In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (noting that clerk's knowledge is not imputed to trial judge); *Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.) (setting out methods of presentment); *see also Keita v. State*, Nos. 01-20-00176-CR, 01-20-00177-CR, 2021 WL 6015297, at *6 (Tex. App.—Houston [1st Dist.] Dec. 21, 2021, pet. ref'd) (mem. op., not designated for publication) (setting out methods of presentment). Accordingly, Huff has not preserved this complaint for review. *See Perez v. State*, 429 S.W.3d 639, 644 (Tex. Crim. App. 2014); *Thompson*, 2020 WL 7756148, at

*2; *Woods*, 2017 WL 1316268, at *2. Because the record does not show any presentment of the motion to the trial court, any error in the trial court's failure to hold a hearing on the motion was not preserved for appeal.[4]

## Conclusion

Having determined that we have no jurisdiction to consider Huff's first point, and having held that Huff did not preserve his second point, we affirm the trial court's judgment.

---

[4]We have found two cases in which a court of appeals held that it did not have jurisdiction to address an appellant's complaint about a trial court's failure to hold a hearing on a new-trial motion because the motion raised matters that could only be addressed by an appeal from the original plea proceeding. *See Jackson v. State*, No. 06-18-00149-CR, 2019 WL 1442278, at *2 (Tex. App.—Texarkana Apr. 2, 2019, pet. ref'd) (mem. op., not designated for publication); *see also Whitaker v. State*, No. 12-22-00132-CR, 2023 WL 3033197, at *3 (Tex. App.—Tyler Apr. 20, 2023, no pet.) (mem. op., not designated for publication). However, neither of those cases involved a question of whether the appellant had presented the motion to the trial court, and the analysis in each appeal looked to the substance of the defendant's motion. In this case, the trial court never needed to look at the substance of the motion, and neither do we, because Huff never made the trial court aware of the motion in the first place. *See Thompson v. State*, No. 09-18-00471-CR, 2020 WL 7756148, at *2 (Tex. App.—Beaumont Dec. 30, 2020, no pet.) (mem. op., not designated for publication) (holding that appellant did not preserve complaint that trial court failed to hold hearing on motion for new trial following trial court's revocation of appellant's deferred adjudication probation and court's adjudicating appellant guilty); *Woods v. State*, Nos. 07-16-00365-CR, 07-16-00366-CR, 2017 WL 1316268, at *2 (Tex. App.—Amarillo Apr. 7, 2017, no pet.) (mem. op., not designated for publication) (same).

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 31, 2023