Opinion issued July 6, 2006










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00388-CR
NO. 01-05-00389-CR
NO. 01-05-00390-CR




DAVID DANIEL CRUZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 936032, 938629, & 938631




MEMORANDUM OPINION
          Appellant, David Daniel Cruz, appeals from judgments of conviction for the
first-degree felony of aggravated robbery of Blanca Maulion;


 the aggravated robbery
of Rosario Rodriguez;


 and the second-degree felony of robbery of Townya Duncan.


 
See Tex. Pen. Code Ann. § 29.03(a) (Vernon 2003) (aggravated robbery); id.
§ 29.02(a) (Vernon 2003) (robbery). Appellant entered pleas of guilty for each
offense without an agreed punishment recommendation from the State and pleaded
true to allegations that he had previously been convicted of two felonies. After a
presentence investigation (PSI) report had been prepared, the trial court assessed
punishment at 60 years in prison and a $10,000 fine for each offense, with the
sentences to run concurrently. In his sole issue on appeal, appellant asserts that the
trial court abused its discretion by “refusing to grant appellant’s pro-se motions to
withdraw his plea prior to sentencing.” We conclude that the trial court did not abuse
its discretion by declining appellant’s request to withdraw his guilty pleas and,
therefore, affirm.
Procedural BackgroundAppellant originally pleaded not guilty, requesting a jury trial. Prior to
commencement of trial, the trial court ordered that Harris County Forensic Psychiatric
Services conduct a psychiatric examination of appellant to determine his competence
to stand trial. Appellant was determined to be mentally competent. During jury
selection, appellant decided to change his pleas of not guilty to guilty.
          The trial court admonished appellant concerning his desire to plead guilty. The
trial court asked appellant if he wanted the trial court to “assess punishment after the
return of a presentence investigation report.” Appellant replied, “Yes, sir.” The trial
court then read each indictment to appellant and asked, “[H]ow do you plead, guilty
or not guilty?” Appellant initially replied, “Not guilty,” but changed his plea to guilty
after a discussion off the record. Appellant told the trial court that no one had
promised him anything, threatened him, or coerced him to persuade him to plead
guilty. Appellant also stated that he was pleading guilty only because he was guilty
of the offenses. Appellant acknowledged that he understood that the range of
punishment was not less than 25 and not more than 99 years’ confinement for each
offense. In addition to receiving the oral admonishments provided by the trial court,
appellant received written admonishments that he and his attorney read and signed. 
The written admonishments include a paragraph that stated that appellant was
mentally competent, which appellant initialed.
          During the hearing at which appellant pleaded guilty, appellant told the trial
court that he had been in the past, and was currently being, treated for “schizophrenic,
paranoid schizophrenic and bipolar depression.” Although appellant was mentally
ill and medicated, appellant’s trial attorney stated that she was able to consult with
him, that he understood the nature of the consequences of his actions, and that he was
competent. 
          The trial court accepted appellant’s pleas of guilty, found true the enhancement
allegations, and found that the evidence substantiated appellant’s guilt. The trial
court ordered the preparation of the PSI report and reset the cases for a sentencing
hearing. Appellant subsequently filed a pro se “Motion to Withdraw Plea of Guilty,”
which the trial court denied. At the sentencing hearing, the trial court reviewed the
PSI report, heard argument by counsel, and assessed appellant’s punishment.
Withdrawal of Guilty Plea
          Appellant asserts that the trial court abused its discretion in refusing to allow
him to withdraw his guilty plea. A motion to withdraw a plea of guilty may be made
at any time, but, when it is raised after the court takes the case under advisement, the
trial court has broad discretion to deny the motion. DeVary v. State, 615 S.W.2d 739,
740 (Tex. Crim. App. 1981); Donovan v. State, 17 S.W.3d 407, 410 (Tex.
App.—Houston [1st Dist.] 2000), aff’d, 68 S.W.3d 633 (Tex. Crim. App. 2002); State
v. Ellis, 976 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1998, no pet.). A trial
court that announces that there is sufficient evidence to support a finding of guilt, as
here, has taken the case under advisement. Jackson v. State, 590 S.W.2d 514, 515
(Tex. Crim. App. 1979); Zuazu v. State, 691 S.W.2d 88, 90 (Tex. App.—Houston [1st
Dist.] 1985, pet. ref’d); see also Washington v. State, 893 S.W.2d 107, 108 (Tex.
App.—Dallas 1995, no pet.) (holding that case is taken under advisement when each
side has concluded its case, defendant has entered plea of guilty, plea has been
accepted, and necessary admonishments have been given).
           Under article 26.13 of the Code of Criminal Procedure, “[n]o plea of guilty or
plea of nolo contendere shall be accepted by the court unless it appears that the
defendant is mentally competent and the plea is free and voluntary.” Tex. Code
Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2005). A person is incompetent to
stand trial if the person does not have (1) the sufficient present ability to consult with
that person’s lawyer with a reasonable degree of rational understanding or (2) a
rational, as well as factual, understanding of the proceedings against the person. Tex.
Code Crim. Proc. Ann. art. 46B.003(a) (Vernon Supp. 2005). A person is presumed
competent to stand trial and will be found competent to stand trial unless proved
incompetent by a preponderance of the evidence. Id. art. 46B.003(b) (Vernon Supp.
2005). Once the issue of incompetency is raised by either party or by the trial court,
the trial court is to determine from “informal inquiry” whether there is evidence that
would support a finding of the defendant’s incompetence. Id. art. 46B.004(a)–(c)
(Vernon Supp. 2005). A trial court need not hold a trial to determine the issue of
incompetency if neither party’s counsel requests a hearing. Id. art. 46B.005(b)
(Vernon Supp. 2005). 
           Because the trial court had already taken appellant’s case under advisement,
the denial of appellant’s motion to withdraw his plea of guilty was within the
discretion of the trial court. See DeVary, 615 S.W.2d at 740. In this appeal, appellant
contends that the trial court abused its discretion because (1) he was being treated for
serious mental illnesses, (2) he had undergone a “recent court-ordered psychiatric
evaluation,” (3) he twice stated that he was pleading not guilty, and (4) he maintained
his innocence in the motion to withdraw his plea, in his statements to the PSI
interviewer, and in his statements to the trial court at the sentencing hearing. 
Appellant also points to the “recent court-ordered psychiatric evaluation” as evidence
that suggests his incompetence. Contrary to appellant’s assertions that he was
incompetent to stand trial, the psychiatrist who performed the court-ordered
evaluation opined that appellant was competent. The record further demonstrates
appellant’s competency to stand trial during his plea of guilty to the trial court. 
Appellant orally represented to the trial court at the time that he pleaded guilty that
he understood the consequences of his plea. Additionally, appellant’s trial counsel
orally represented to the trial court at the time of appellant’s plea that appellant was
competent. Further, appellant and his attorney signed written admonishments
acknowledging that appellant was competent to stand trial and that his plea was freely
and voluntarily entered. We hold that the trial court could reasonably have concluded
from this information that appellant failed to rebut his presumed competence.
          We overrule appellant’s sole issue presented in this appeal.
 
Conclusion
          We affirm the judgments of the trial court.




                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Keyes, Alcala, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).