**Terry Carson DeVARY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67139.**

Court of Criminal Appeals of Texas, Panel No. 1.

May 13, 1981.

Steve Hebert, Baytown, for appellant.

John B. Holmes, Jr., Dist. Atty., Marqua McGul—Billingsley and Pat McKenna, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of lysergic acid diethylamide with intent to deliver. Punishment, upon appellant's plea of guilty, was assessed at five years.

In his sole ground of error appellant contends that the trial court abused its discretion in its failure to hold a hearing on his motion to withdraw his plea of guilty. The record reveals that appellant pled guilty and was admonished under Art. 26.13, V.A. C.C.P.[1] on October 4, 1979. At the subsequent hearing to assess punishment on November 29, 1979, appellant moved the court to withdraw his plea. The court denied this motion and assessed punishment at five years.

The law in this regard was well stated in *Jackson v. State*, Tex.Cr.App., 590 S.W.2d 514, 515:

"A liberal practice prevails in this state concerning the withdrawal of a guilty plea, *Garcia v. State*, 91 Tex.Cr.R. 9, 237 S.W.2d 279 (1921); *Stanton v. State*, 159 Tex.Cr.R. 275, 262 S.W.2d 497 (1953), and a defendant may withdraw his guilty plea as a matter of right without assigning reason until such judgment has been pronounced or the case has been taken under advisement. *Milligan v. State*, 168 Tex. Cr.R. 202, 324 S.W.2d 864 (1959); *Rumage v. State*, 324 S.W.2d 865 (Tex.Cr. App.1959); *Stanton v. State*, supra; *Ralls v. State*, 151 Tex.Cr.R. 146, 205 S.W.2d 594 (1947). However, where the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *McWherter v. State*, 571 S.W.2d 312 (Tex. Cr.App.1978)."

Appellant's decision to withdraw his plea was too late since the court had two months earlier taken the matter under advisement. Under these circumstances we find no abuse of discretion in the court's overruling appellant's motion to withdraw his plea. *Jackson v. State*, supra at 515; *Milligan v. State*, 168 Tex.Cr.R. 202, 324 S.W.2d 864, 865 (1959).

The judgment is affirmed.

---

1. We note that even though an erroneous admonishment was given by the trial court regarding punishment, an admonishment was nonetheless given. Therefore the record reveals a *prima facie* showing of a knowing and voluntary plea. *Ex parte McAtee*, Tex.Cr.App., 599 S.W.2d 335, 336. As we noted in *McAtee* only the *total* failure to admonish a defendant under Art. 26.13 is *fundamental* error. Id. at 336. Hence we decline to review any error concerning this issue under Art. 40.09, Sec. 13.

ONION, Presiding Judge, dissenting.

There is much, much the majority does not tell. In footnote 1 it simply refers to the court's admonishment as erroneous and then considerably clouds the case law concerning Articles 40.09, § 13, and 26.13, V.A. C.C.P.

This is an appeal from a conviction for possession of lysergic acid diethylamide with intent to deliver. Following appellant's guilty plea before the court, the punishment was assessed at five (5) years' imprisonment.

On appeal appellant, in his sole ground of error, claims the trial court erred and abused its discretion in its failure to hold a hearing on his motion to withdraw his plea of guilty.

The procedure involved was the Harris County bifurcated procedure for guilty pleas before the court.[1] After the appellant entered a guilty plea on October 4, 1979 and made a written judicial confession the court found the appellant guilty. Without assessing punishment and in light of appellant's motion for probation, the court re-set the matter to await a pre-sentence report. When the court reconvened on the matter some weeks later (November 29, 1979), the appellant filed on that date a written motion to withdraw his guilty plea. Attached thereto was appellant's affidavit that he did not have an understanding of the nature of the charge against him; that he understood he was pleading guilty to possession of a controlled substance, not to possession of a controlled substance with intent to deliver.[2] He stated he was not guilty of the latter offense. On the day in question the court announced it had the pre-sentence report and asked if there was anything further to be offered. Appellant's counsel asked for consideration of the motion to withdraw the guilty plea. It was overruled. The court then assessed punishment at five years' confinement in the Department of Corrections.

A liberal practice prevails in this state concerning the withdrawal of a guilty plea. *Garcia v. State*, 91 Tex.Cr.R. 9, 237 S.W. 279 (1921); *Stanton v. State*, 159 Tex.Cr.R. 275, 262 S.W.2d 497 (1953); *McWherter v. State*, 571 S.W.2d 312 (Tex.Cr.App.1978); *Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Cr.App. 1979). A defendant may withdraw his guilty plea as a matter of right without assigning reason until judgment has been pronounced or the case has been taken under advisement by the court. *Milligan v. State*, 168 Tex.Cr.R. 202, 324 S.W.2d 864 (1959); *Rumage v. State*, 324 S.W.2d 865 (Tex.Cr.App.1959); *Stanton v. State*, supra; *Ralls v. State*, 151 Tex.Cr.R. 146, 205 S.W.2d 594 (1947).[3] Where a defendant decides to withdraw his guilty plea where the proceedings are before the court after the trial judge has taken the case under advisement or has pronounced judgment, the withdrawal of such plea is within the sound discretion of the trial judge. *Jackson v. State*, supra.

While in the bifurcated procedure utilized without objection in the instant case, the judgment had not been fully pronounced since a judgment must contain the punishment to be assessed, see Article 42.01, V.A. C.C.P., the court had found the appellant guilty and thus had in effect taken the case under advisement. The appellant's motion

---

1. Pleas of guilty before the court are not bifurcated proceedings. See Article 27.13, V.A.C. C.P. Cf. Article 37.07, V.A.C.C.P., which is not applicable to pleas of guilty, before either judge or jury. *Basaldua v. State*, 481 S.W.2d 851, 853 (Tex.Cr.App.1972). The only authorization in the code for a pre-sentence report is found in Article 42.12, § 4, V.A.C.C.P., which is to aid the court in passing on the issue of probation. Where assessment of punishment is not fixed until after the receipt of such report, it may be easily claimed that the punishment assessed was based on matters in the report which were not admissible on the issue of punishment. See

and cf. Article 37.07, V.A.C.C.P. See and cf. *Nunez v. State*, 565 S.W.2d 536 (Tex.Cr.App. 1978).

2. The complaint filed in the Justice of the Peace Court and found in this record shows that appellant was charged originally merely with possession of LSD.

3. Where a jury has been empaneled, the defendant may withdraw his guilty plea at any time without assigning reason until the jury retires to deliberate. *McWherter v. State*, supra.

to withdraw his guilty plea as a matter of right came too late. The motion which assigned reason was thus addressed to the sound discretion of the court. The appellant requested the court to consider his motion, which was overruled. There was no requested hearing on said motion, the lack of which the appellant complains of on appeal. Appellant's sole ground of error is without merit.

There is, however, another matter which in my humble opinion should be considered "in the interest of justice." See Article 40.09, § 13, V.A.C.C.P. The question concerns the court's admonishment concerning the range of punishment for the offense charged under Article 26.13, V.A.C.C.P., as amended in 1979, and in effect at the time of appellant's guilty plea.

While some early cases talked of review of a question under § 13 of Article 40.09, supra, only because the question was of constitutional dimension,[4] this court has made clear that the term "interest of justice" is not limited to questions of constitutional dimension or of fundamental error. See *Taylor v. State*, 549 S.W.2d 722 (Tex.Cr. App.1977); *Williams v. State*, 522 S.W.2d 488, 493 (Tex.Cr.App.1975) (Dissenting Opinion), and cases there cited.

I must express my concern and surprise at my brethren's refusal to consider the admonishment, which even they acknowledge is erroneous, under Article 40.09, § 13, supra, particularly when all the facts surrounding the admonishment are available to them and have been pointed out to them. Footnote one of the majority gives the facial appearance of a minor infraction having occurred and then interprets the opinion of *Ex parte McAtee*, 599 S.W.2d 335 (Tex. Cr.App.1980), to give an entirely new look to Article 26.13, V.A.C.C.P., overruling sub silentio many recent cases interpreting the same since its 1975 amendment.

Let's take a look at the facts revealed by this record which give a background for the proper consideration of the question involved.

Appellant was indicted for possession of lysergic acid diethylamide, a first-degree felony. LSD is included in Penalty Group 1. Article 4476–15, § 4.02(b)(5). Under § 4.04(b)(1) of the Controlled Substances Act, possession of a controlled substance in Penalty Group 1 is a felony of the second degree. However, under § 4.03(a), (b)(1), possession of a controlled substance in Penalty Group 1 with intent to deliver is a felony of the first degree.

§ 4.01(b)(1) and (2) provides:

"(1) Felonies of the first degree. An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years.[5]

"(2) Felonies of the second degree. An individual adjudged guilty of a felony of the second degree shall be punished by confinement in the Texas Department of Corrections for a term of not more than 20 years or less than 2 years. In addition to imprisonment, an individual adjudged guilty of a felony of the second degree may be punished by a fine not to exceed $10,000."

The record reflects that at the time of admonishment of the appellant for the first-degree felony of possession of LSD with intent to deliver the following occurred:

"THE COURT: Mr. Hollingsworth,[6] you are charged here in Cause No. 301,-

---

4. *Carter v. State*, 408 S.W.2d 507 (Tex.Cr.App. 1966); *Short v. State*, 408 S.W.2d 928 (Tex.Cr. App.1966); *McClellan v. State*, 413 S.W.2d 391 (Tex.Cr.App.1967); *Bass v. State*, 427 S.W.2d 624 (Tex.Cr.App.1968).

5. When the punishment for a first-degree felony in the Penal Code was amended in 1979 to provide also for a fine not to exceed $10,000.00, V.T.C.A., Penal Code, § 12.32 (Acts 1979, 66th Leg., p. 1058, ch. 488, eff. Sept. 1, 1979), the penalty provisions for a first-degree felony under the Controlled Substances Act were not changed.

6. The appellant later suggested his true name was Terry Carson DeVary, and the records were accordingly changed upon the court's order.

215 with the offense of Possession of a Controlled Substance with Intent to Deliver, on or about August 19, 1979, in Harris County, Texas . . .

"MR. HOLLINGSWORTH: Yes, sir.

"THE COURT: Do you understand the range of punishment for *this* offense, *a second degree felony*, is not less than two years or more than wenty (sic) years and a possible fine of up to $5,000.00? Do you understand that to be the general range of punishment?

"MR. HOLLINGSWORTH: Yes.

"THE COURT: The Court understands that there is no agreed plea recommendation. The Court will order a Presentence Investigation. Is that your understanding?

"MR. HOLLINGSWORTH: Yes, sir."

The court then continued to admonish the appellant and subsequently admitted the written judicial confession.

The record then shows:

"THE COURT: . . . Under your plea of guilty and upon your stipulation of evidence, the Court finds you guilty of the *second degree felony* of which you are charged . . . ." (Emphasis supplied.)

It is obvious that the appellant was charged with a first-degree felony under the Controlled Substances Act. The court did not admonish him as to the range of punishment applicable by law to such offense as a consequence of his plea. The court informed the appellant he was charged with a second-degree felony—possession of a "controlled substance" (unnamed) with intent to deliver. The court proceeded to give to the appellant the penalty normally applicable to a second-degree felony, but even in this was mistaken as to the amount of the possible fine that could be assessed. See § 4.02(b)(2), supra. Further, no possession of a controlled substance with intent to deliver is a second-degree felony. Under § 4.03(a) of Article 4476-15 (Controlled Substances Act), possession of a controlled substance in Penalty Groups 1, 2, 3 or 4 with intent to deliver is an offense.

Said § 4.03(b) provides:

"(b) An offense under Subsection (a) of this section with respect to:

"(1) a controlled substance in Penalty Group 1 is a felony of the *first* degree;

"(2) a controlled substance in Penalty Group 2 is a felony of the *third* degree;

"(3) a controlled substance in Penalty Group 3 is a felony of the *third* degree;

"(4) a controlled substance in Penalty Group 4 is a *Class A misdemeanor*." (Emphasis supplied.)

Here the court did not admonish the appellant for the offense charged in the indictment, but told him he was charged with a non-existent second-degree felony, and in attempting to inform the appellant of the range of punishment as to a second-degree felony even erred in informing him of the amount of a possible fine.

In the instant case there was no plea bargain, no recommendation of punishment by the State, and the appellant filed a motion for probation. The guilty plea proceedings were commenced on October 4, 1979, after the effective date of the 1979 amendment to Article 26.13, supra.

Article 26.13, V.A.C.C.P. (Acts 1979, 66th Leg., p. 1160, ch. 561, eff. Sept. 1, 1979), a frequently amended statute since 1973, provides as follows:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of the punishment attached to the offense;

"(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere, and neither the fact that the defendant had entered a plea of guilty or nolo conten-

dere nor any statements made by him at the hearing on the plea of guilty or nolo contendere may be used against the defendant on the issue of guilt or punishment in any subsequent criminal proceeding; and

"(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

Article 26.13, V.A.C.C.P., designed to insure a knowing and voluntary plea of guilty or nolo contendere, has long been considered a mandatory statute since its forerunner was first enacted in 1856 [see Dissenting Opinion—*Bosworth v. State*, 510 S.W.2d 334 (Tex.Cr.App.1974)]. See, e. g., *Ex parte Chavez*, 482 S.W.2d 175 (Tex.Cr.App.1972); *Ex parte Battenfield*, 466 S.W.2d 569 (Tex.Cr.App.1971); *Coleman v. State*, 35 Tex.Cr.R. 404, 33 S.W. 1083 (1896); *Saunders v. State*, 10 Tex.App. 336 (1881).

Article 26.13(c), supra, now provides, however, that in admonishing a defendant "substantial compliance" by the court is sufficient "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

First, however, there must be substantial compliance by the court in its admonishment under Article 26.13, supra, before any duty falls on the defendant.

In former times, although not so long ago, without a showing that an accused was misled to his detriment by the strength of the trial court's faulty admonition reversible error did not attend the admonishment. *Ex parte Beiersdorf*, 532 S.W.2d 632 (Tex.Cr.App.1976); *Cameron v. State*, 508 S.W.2d 618 (Tex.Cr.App.1974); *Jorden v. State*, 500 S.W.2d 117 (Tex.Cr.App.1973).

With the 1975 amendment this court, however, pointed out in *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Cr.App.1979) that when reviewing a challenged admonishment "the question of substantial compliance, not harmless error, is the primary focus of our analysis" because "an affirmative showing of prejudice by appellant is unnecessary if there has been no substantial compliance with the statute." The same is true under the 1979 amendment to Article 26.13, supra.

It is well established that Article 26.13(a)(1) is mandatory. *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App.1980). A complete or total failure of the trial court to admonish a defendant on his guilty or nolo contendere plea concerning the range of punishment is not substantial compliance with Article 26.13, supra, and is reversible error without regard to whether the defendant was harmed. *Weekley v. State*, 594 S.W.2d 96 (Tex.Cr.App.1980); *Ex parte McAtee* and cases there cited.

In the instant case the trial court misinformed the appellant as to both the maximum and minimum penalties as to the first-degree felony with which he was charged, and even added the possibility of a fine which was not applicable to the offense. Further, the court informed the appellant with a second-degree felony of possession of a controlled substance with intent to deliver when there is no such offense.

The attempt to admonish appellant as to the penalties of a second-degree felony when he was indicted for a first-degree felony under the circumstances here described was not a substantial compliance

with Article 26.13, supra, and is reversible error without regard to harm.[7]

The majority in its footnote one relying on *Ex parte McAtee*, 599 S.W.2d 335 (Tex. Cr.App.1980), holds that only the total failure to admonish as to range of punishment is fundamental error, and again relying upon *McAtee*, holds that any admonishment mumbled by the judge, however erroneous and wrong and wide of the proper range of punishment, reveals a prima facie showing of a knowing and voluntary plea. I do not believe this is the proper interpretation to be placed upon *McAtee*, but if it is, then *McAtee* should be overruled.[8] The majority surely does not mean that however erroneous an admonishment is as to the range of punishment that there will always be a substantial compliance with Article 26.13, supra, because it is an admonishment of some kind. That, or course, is what they infer.

---

7. The fact that the appellant received five years' imprisonment, which is within the range of punishment for a first-degree felony under the Controlled Substances Act, does not call for a different result. We do not reach the question of harm. *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1980) (Opinion on State's Motion for Rehearing), is distinguishable on its facts.

8. *McActee* talked of an admonishment "although not a complete one" rather than any kind of admonishment however wrong.