Warren Berkeley BATTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01203–CR.

Court of Appeals of Texas,
Dallas.

Feb. 17, 1983.

John H. Stauffer, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and CARVER and VANCE, JJ.

CARVER, Justice.

Warren Berkeley Batte appeals his conviction and sentence upon his guilty plea to unlawful possession of a controlled substance, lysergic acid diethylamide, or L.S.D., complaining that the trial court's admonishment to him before receiving his plea failed to comply with Art. 26.13 Tex.Code Crim. Pro.Ann. (Vernon Supp.1982). We disagree and affirm.

Batte points out that Art. 26.13 requires that, prior to accepting his guilty plea, the trial court must "... admonish the defendant of: (1) the range of punishment attached to the offense; ..." The record reflects that the actual admonishment given him stated:

> You stand charged by way of indictment pending in this court charging you with the felony offense of unlawful possession of a controlled substance: LSD, with intent to deliver. That's a first degree felony.

Batte then argues that, since "LSD" is not the statutory description of *any* controlled substance, *see* Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 2.03(d)(9) (Vernon 1976), the foregoing admonishment could not be said to admonish him of any *offense*, or the *range of punishment* therefor, as required by Art. 26.13. We cannot agree. Art. 26.13 also provides that:

> In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

■ Our initial question then may be stated as whether the court's employment of the term "LSD," rather than "lysergic acid diethylamide" provided substantial compliance with Art. 26.13. Counsel have not cited, nor have we found, any direct precedent that is helpful. However, we do find that the Court of Criminal Appeals held in *DeVary v. State,* 615 S.W.2d 739 (Tex.Cr.App.1981) that an admonishment which referred to "the offense of Possession of a Controlled Substance with Intent to Deliver," but failed to name any substance, was in substantial compliance with Art. 26.-13. We conclude that, if omission of the particular controlled substance from the admonition in *DeVary* did not make the admonition less than in substantial compliance with Art. 26.13, then the mere addition of "LSD" to identical admonition as given to Batte did not make his admonition less than in substantial compliance with Art. 26.13.

■ Since we find that Batte's admonition was in substantial compliance with Art. 26.13, a further question arises as to whether Batte has affirmatively shown "that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." Batte does not undertake by his brief any such affirmative showing and the record reflects the contrary. Batte responded to the trial court that he had "been over the indictment" with his lawyer and "fully" understood it. Batte had signed and presented to the trial court his judicial confession "that on the *28* day of *February* 19*81* in Dallas County Texas I did knowingly and intentionally posses (sic) a controlled substance, to wit: *Lysergic Acid Diethylamide with Intent to Deliver.*" The judicial confession bears the approval and signature of Batte's counsel and is sworn to by Batte on November 2, 1981, the same day as Batte appeared before the trial court. The record further reflects that Batte testified three times (Nov. 2, Nov. 6, and Nov. 9) during the course of the guilty plea hearing and his testimony repeatedly described his offense as possession of "LSD". Additionally, Batte described his sources of "LSD" and described his distribution and sale of "LSD".

We conclude from the record that Batte's repeated professions of guilt of the charge in the indictment and his repeated use of the term "LSD" as a shortened form of name for the controlled substance described in the indictment by its chemical name, affirmatively shows that he was aware of the consequences of his plea and was not harmed or misled by the trial court's admonition as given.

Affirmed.