**Jerome Enos HUTCHENS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–706CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 3, 1983.

Rehearing Denied Nov. 23, 1983.

Discretionary Review Refused
April 18, 1984.

Stanley Schnieder, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Jerome Enos Hutchens, a physician, pled guilty to dispensing a controlled substance without a valid medical purpose and not in the course of professional practice. The court accepted his plea and at a subsequent punishment hearing sentenced him to five years imprisonment. Appellant now contends that he was denied his constitutional right to effective assistance of counsel. We disagree and affirm the judgment of the trial court.

Appellant, at arraignment, waived a jury and pled guilty to the offense charged. The court then properly admonished him as to the effect of his plea, which appellant acknowledged understanding. Following this, the court admitted a stipulation of evidence and a judicial confession form signed by appellant, and accepted his guilty plea. The court then took the matter under advisement, ordered a pre-sentence investigation, and set a date for sentencing.

Several days later, appellant hired a new attorney, Paul Licata, to represent him at the sentencing hearing. At this hearing Licata made a motion to withdraw the guilty plea, which was denied. Both Licata and the State's attorney then made final arguments regarding the severity of punishment to be imposed. No further evidence concerning sentencing was produced. The court then assessed punishment at five years imprisonment.

Appellant now contends that his counsel misled him to believe that he had a right to withdraw his guilty plea at the time of sentencing; and, further, his counsel failed to call any witnesses on his behalf at the sentencing hearing.

■ Since such issues of effective assistance of counsel are to be determined based on the totality of representation, we must examine the record for evidence of errors by the attorney. *See Mercado v. State*, 615 S.W.2d 225 (Tex.Crim.App.1981). After such an examination, we find that Licata did not convey such misinformation. Licata testified that he did not tell or lead appellant to believe that he would automatically be allowed to withdraw his guilty plea. In fact, appellant and Licata even discussed the necessity of an appeal bond should his request for plea withdrawal be denied. In support of his contentions, appellant points to Licata's statement to him that the " '*Moon* ' decision was authority for withdrawing the guilty plea before sen-

tencing." *See Moon v. State*, 572 S.W.2d 681 (Tex.Crim.App.1978). While the *Moon* decision does not specifically support that statement, several later cases have clearly held that the decision to reject or accept the withdrawal of a guilty plea after the trial judge enters judgment or takes the case under advisement is within the court's discretion. *See DeVary v. State*, 615 S.W.2d 739 (Tex.Crim.App.1981); *Jackson v. State*, 590 S.W.2d 514 (Tex.Crim.App.1979). Thus, the substance of the advice Licata gave was correct. Additionally, appellant himself testified that his attorneys informed him that he had a right to *ask* for and *request* a withdrawal of his plea. This statement, coupled with Licata's testimony indicates appellant's awareness that a plea withdrawal was strictly discretionary with the court and not a matter of right. Any misconceptions appellant formed were his own and not the result of incorrect information from his attorney. Accordingly, appellant's first ground of error is overruled.

▆ Appellant similarly urges that he was denied effective assistance of counsel because Licata failed to call any witnesses at the sentencing hearing. Again, we must examine the record to determine whether this is a firmly grounded claim. *See Mercado, supra.* At the motion for new trial, appellant produced thirteen witnesses who testified that had they been contacted they would have come to court and assisted appellant's lawyers in obtaining probation. He also procured eight affidavits expressing the same sentiments. Finally, Licata admitted that he did not ask anyone to appear on appellant's behalf. However, his further testimony explains this failure. Licata stated that, in accordance with appellant's wishes, probation was not an alternative to be considered. Appellant first told Licata that a probated sentence would preclude him from re-gaining his medical license. Thus, appellant wanted to withdraw his guilty plea and go before a jury; and if this request were denied, he would appeal the case. Secondly, appellant informed Licata that a local Judge, Myron Love, would talk to the trial judge in appellant's case, and that Judge Love was his

"best hope" regarding the mitigation of his sentence. Appellant would not discuss any witnesses other than Judge Love. Finally, appellant signified his intent to forego probation by refusing to cooperate with the pre-sentence probation officer. Considering the facts in view of the totality of representation standard we find that appellant was not denied the effective assistance of counsel.

The judgment is affirmed.