Opinion issued August 15, 2013



In The

# Court of Appeals

For The

# First District of Texas

---

NO. 01-09-00090-CR
NO. 01-09-00091-CR

---

**JAMES L. MENEFEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1153928, 1153929**

---

## MEMORANDUM OPINION

James L. Menefee pleaded guilty to two third-degree felony offenses of

violating a protective order, without agreed recommendations on punishment.[1] The trial court assessed his punishment at eight years' confinement in TDCJ in each case and ordered the sentences to run concurrently. In two issues on appeal, Menefee contends that the trial court erred or abused its discretion by denying his motion to withdraw his guilty pleas, and that the evidence supporting his pleas was insufficient.

Finding no error in the trial court's judgments, we affirm.

## Background

On August 30, 2005, the trial court issued a temporary protective order prohibiting Menefee from, inter alia, direct communication with the complainant in a threatening or harassing manner or going near her residence. At the September 14, 2005 hearing on the complainant's motion for a permanent order (at which Menefee was a no-show), the trial court found that the complainant and Menefee were in a dating relationship, and thus Menefee had committed family violence. The trial court then issued a permanent protective order with prohibitions identical to those recited in the temporary order.

On October 3, 2007, Menefee was charged by indictment with intentionally and knowingly (1) communicating directly with the complainant in a threatening or

---

[1] *See* TEX. PENAL CODE ANN. § 25.07(a)(2)(A), (a)(3)(A), (g) (West 2012).

harassing manner on or about July 17, 2007[2] and (2) going to or near the complainant's residence on or about July 12, 2007[3] in violation of the permanent protective order.[4] Each offense was enhanced by two prior convictions for violating a protective order.

Menefee was arraigned on November 6, 2008 and pleaded not guilty to both offenses. The next day, however, Menefee waived his rights to trial by jury, the appearance, confrontation, and cross-examination of witnesses, and his right against self-incrimination, and pleaded guilty to both offenses without a recommendation as to punishment from the State. He also signed written admonishments in which, inter alia, he waived his "right to have a court reporter record [his] plea" and his right to have a pre-sentence investigation report prepared. Menefee further represented to the trial court that he was mentally competent and that his pleas were being made freely and voluntarily. The trial court admonished Menefee as to the consequences of his pleas, and determined that he was mentally competent to enter the pleas and that he did so freely and voluntarily.

Specifically, in trial court case number 1153928, Menefee stipulated that it

---

[2]     Trial court case number 1153928, 01-09-00090-CR.

[3]     Trial court case number 1153929, 01-09-00091-CR.

[4]     The permanent protective order was attached as Exhibit A to both indictments.

3

was alleged that, on or about July 17, 2007, he "did then and there unlawfully, in violation of a Protective Order issued under Chapter 85, of the Family Code and attached hereto as Exhibit A, intentionally and knowingly directly communicate with [the complainant] in a threatening and harassing manner." Menefee judicially confessed that the allegations against him were true and that the acts alleged were committed on July 12, 2007.

In trial court case number 1153929, Menefee stipulated that the charges against him alleged that on or about July 12, 2007, he "did then and there unlawfully, in violation of a Protective Order issued under Chapter 85, of the Family Code and attached hereto as Exhibit A, intentionally and knowingly go to or near the residence described in said Protective Order, of [the complainant], the protected individual." Menefee judicially confessed that the allegations against him were true and that the acts alleged were committed on July 17, 2007. The protective order attached as Exhibit A to both sets of plea papers, however, was not the permanent protective order in effect in July 2007 as alleged in (and attached to) the indictments, but instead, the *expired* temporary protective order.

Four days later, on November 11, 2008, the trial court held a hearing in both cases during which time both Menefee and the complainant testified. Although it is not entirely clear from the record, the hearing appears to have been part of the sentencing phase of Menefee's proceedings pursuant to his plea, at the conclusion

of which the court recessed the case for two months and ordered a psychiatric evaluation to determine Menefee's competency to proceed. Menefee was subsequently found competent.

A final hearing in both cases was held on January 16, 2009, at the beginning of which, Menefee's counsel made an oral motion to withdraw both guilty pleas:

> Your Honor, at this time the Defense would like to make a motion for request of Defendant to withdraw his plea for reasons that he feels like I misled him at the time of his plea. He felt like I did not adequately inform him as to ramifications of his plea. He's informed me he would like to withdraw his plea on both cases. So, I'm asking the Court at this time to allow him to withdraw his plea.

The court noted that it had already heard testimony from both Menefee and the complainant and denied the motion. Both sides then made closing arguments, the State asked the court to assess the maximum ten years' confinement, and Menefee sought the minimum two years. The court sentenced Menefee to eight years in TDCJ in each case and ordered the sentences to run concurrently. Menefee filed a notice of appeal.

## Trial Court's Denial of Motion to Withdraw Guilty Plea

Menefee contends that because the critical question of his competency had yet to have been resolved, the denial of his motion to withdraw his guilty pleas was error since neither case had been taken under advisement. Alternatively, Menefee contends that even had both cases been taken under advisement, the trial court

5

nevertheless abused its discretion when it denied his motion because there was evidence before the court that Menefee's pleas were involuntary, and that Menefee did not believe that he was guilty of either offense.

A defendant has an absolute right to withdraw a guilty plea any time before his plea has been taken under advisement or guilt has been adjudicated. *See Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). Once a plea has been taken under advisement or guilt has been adjudicated, however, a request to withdraw a plea is untimely and the withdrawal of such a plea is within the sound discretion of the trial court. *See DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. [Panel Op] 1981) (citing *Jackson*, 590 S.W.2d at 515). It is well established that a court takes a case under advisement when it accepts a properly admonished guilty plea and passes the case for punishment. *See Jackson*, 590 S.W.2d at 514–15 (holding case had been taken under advisement, and defendant could not withdraw guilty plea as matter of right, where court had accepted guilty plea and passed the case for pre-sentence investigation); *Thompson v. State*, 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.) (holding defendant could not withdraw guilty plea as matter of right where "only issue remaining to be decided was the appropriate punishment"); *Wissinger v. State*, 702 S.W.2d 261, 262–63 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd) (holding trial court had discretion to deny defendant's motion to withdraw guilty plea at hearing "which was for the sole

purpose" of determining defendant's punishment).

Because Menefee waived his right to have the court reporter record his plea proceedings, the only evidence before this court consists of the clerk's record containing the plea and admonishments signed by Menefee on November 7th, and the reporter's record from the sentencing hearing on January 16, 2009. *See Montoya v. State*, 872 S.W.2d 24, 25 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (stating defendant who waives presence of court reporter at plea hearing has burden to bring forth sufficient record on appeal to show error). Absent a reporter's record of the plea hearing, there is a presumption of truthfulness and regularity in the proceedings. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g).

Here, the record clearly reflects the trial court's proper admonishments of Menefee prior to accepting his guilty pleas on November 7th. Well-established case law dictates that both cases were taken "under advisement" at that time. *See DeVary*, 615 S.W.2d at 740 (holding matter taken under advisement when defendant pleaded guilty and was properly admonished); *Jackson*, 590 S.W.2d at 514–15 (holding case had been taken under advisement when court had accepted guilty plea and passed case for pre-sentence investigation); *Thompson*, 852 S.W.2d at 270 (holding matter taken under advisement when "only issue remaining to be decided was the appropriate punishment"). The record also reflects that the court

determined that Menefee was mentally competent and had entered both pleas knowingly and voluntarily when the trial court accepted the pleas on November 7th. The fact that the trial court ordered Menefee to undergo a psychiatric evaluation after he testified at the punishment hearing on November 11th does not alter the fact that both cases had already been taken under advisement after the previous hearing on November 7th.[5]

Because Menefee's request to withdraw his pleas was untimely, the withdrawal of such pleas is within the sound discretion of the trial court. *DeVary*, 615 S.W.2d at 740. Menefee argues that the trial court abused its discretion when it denied his motion to withdraw his pleas because there was evidence before the court that his pleas were involuntary because they were based on misinformation that he received from his trial counsel, and that he did not believe that he was guilty of either offense.

If counsel conveys erroneous information to a defendant, a plea of guilty based on that misinformation is involuntary. *Ex parte Griffin*, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984); *Rivera v. State*, 952 S.W.2d 34, 36 (Tex. App.—San Antonio 1997, no pet.); *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). A bare allegation by a defendant that he was

---

[5] Notably, despite whatever concerns the trial court may have had as to Menefee's competency after the November 11th hearing, the psychiatrist determined that Menefee was, in fact, competent to stand trial.

misled or misinformed by his trial court, however, is insufficient to obtain relief. *Fimburg*, 922 S.W.2d at 208 ("However exceptional the circumstances, a defendant's claim he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary."). In such circumstances, we determine whether the record supports the defendant's contention that his/her guilty plea was, in fact, induced by significant misinformation. *Russell v. State*, 711 S.W.2d 114, 116 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). In cases in which a guilty plea has been held involuntary, the record contained confirmation of the misinformation by counsel or there was documentation properly in evidence corroborating the defendant's testimony that reveals the misinformation and illustrates its conveyance to the defendant. *See, e.g., Griffin*, 679 S.W.2d at 15; *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); *Rivera*, 952 S.W.2d at 36; *Murphy v. State*, 663 S.W.2d 604, 610 (Tex. App.—Houston [1st Dist.] 1983, no pet.). Such evidence is wholly absent here. As such, we cannot say that the trial court abused its discretion when it denied Menefee's motion to withdraw his pleas on this basis.

Menefee additionally argues that the trial court abused its discretion when the it denied his motion to withdraw his guilty pleas because the psychiatric evaluation established that Menefee did not believe himself guilty of either offense. The record before us, however, does not indicate that the psychiatric

9

evaluation was ever admitted into evidence. Moreover, the evaluation indicates that Menefee denied committing only one of the offenses (i.e., threatening the complainant), but admitted to going to or near the complainant's residence (i.e., throwing a brick through a car window parked in her driveway). Finally, Menefee did not argue to the trial court that it should allow him to withdraw his guilty pleas because he believed himself innocent of the alleged offenses; he argued his entitlement to withdraw his pleas because they were based on erroneous information conveyed to him by his trial counsel. *See Thomas v. State*, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980) (stating that trial court has no duty to withdraw defendant's "guilty" plea sua sponte after defendant has waived jury trial, even if evidence fairly raises issue as to defendant's innocence).

We overrule Menefee's first issue.

## Article 1.15 Sufficiency Requirements

In his second issue, Menefee challenges the sufficiency of the evidence supporting both guilty pleas. Under Texas Code of Criminal Procedure article 1.15, a court may not enter a conviction in a felony case based on a guilty plea unless evidence is presented establishing guilt in addition to and independent of the plea. TEX. CODE CRIM. PROC. art. 1.15; *Menefee v. State*, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009). The evidence does not have to establish the defendant's guilt beyond a reasonable doubt but must embrace every element of the offense

charged. *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Evidence substantiating a guilty plea can take several possible forms. *Menefee*, 287 S.W.3d at 13. Article 1.15 itself states that a defendant may consent to the presentation of evidence either by oral testimony or in written form, or to an oral or written stipulation of what the evidence would be, without necessarily admitting to its veracity or accuracy. *Id.* Additionally, courts have recognized that a defendant may enter a sworn written confession, or may testify under oath in open court, admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct. *Id.* A deficiency in one form of proof may be compensated for by other competent evidence in the record. *Id.* at 14. Evidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea. *See id.* at 18–19 (remanding in part for determination of whether evidence at sentencing hearing was sufficient to support guilty plea); *Menefee v. State*, No. 12–07–00001–CR, 2010 WL 3247816, at *1, *6–7 (Tex. App.—Tyler Aug. 18, 2010, pet. ref'd) (not designated for publication) (finding evidence at sentencing hearing sufficient to support guilty plea).

The stipulations of evidence and judicial confessions signed by Menefee in both cases do indeed contain numerous flaws. Not only were the dates for both offenses mixed up, but the record reflects that the protective order attached to both

sets of plea papers (Exhibit A) was not the *permanent* protective order in effect in July 2007, but rather, an *expired* temporary protective order. Notwithstanding these flaws, we cannot say that the evidence was insufficient to support either plea, particularly in light of the fact that both the complainant and Menefee testified on November 11th. *Menefee*, 287 S.W.3d at 14 (stating deficiency in one form of proof may be compensated for by other competent evidence). Because there is no reporter's record of that hearing, we presume that sufficient evidence to sustain and support the pleas was introduced into the record at that hearing. *See Williams v. State*, 950 S.W.2d 383, 385 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that in order to challenge sufficiency of evidence to support judgment based on plea of guilty, defendant must bring forward full statement of facts, including transcript of plea hearing).

We overrule Menefee's second issue.

### Conclusion

We affirm the trial court's judgments.


Jim Sharp
Justice


Panel consists of Justices Keyes, Sharp, and Huddle.

12

Justice Keyes, concurring in judgment only.

Do Not Publish — TEX. R. APP. P. 47.2(b).