**Opinion issued June 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-13-00651-CR

———————————

### HAROLD JAMES REAVES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 179th District Court
Harris County, Texas
Trial Court Case No. 1335623

## MEMORANDUM OPINION

Without a sentencing recommendation from the State, Appellant pleaded guilty to the offense of aggravated robbery.[1] Appellant also pleaded true to an enhancement paragraph alleging that he had been convicted of the offense of robbery in 2008. Following the preparation of a pre-sentence investigation report,

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2011).

the trial court conducted a sentencing hearing. At the hearing, the trial court found Appellant guilty of the offense of aggravated robbery and found the enhancement allegation contained in the indictment to be true. The trial court sentenced appellant to 35 years in prison. In one issue, Appellant contends that the trial court should have granted his request at the sentencing hearing to withdraw his guilty plea.

We affirm.

## Background Summary

Appellant was charged by indictment with the felony offense of aggravated robbery. The indictment read as follows:

> HAROLD JAMES REAVES, hereafter styled the Defendant, heretofore on or about JANUARY 30, 2012, did then and there unlawfully, while in the course of committing theft of property owned by [A. Velazquez], and with intent to obtain and maintain control of the property, INTENTIONALLY AND KNOWINGLY threaten and place [A. Velazquez] in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, namely, A FIREARM.
>
> Before the commission of the offense alleged above, on MARCH 13, 2008, in Cause Number 1111621 in the 182nd District Court of HARRIS County, Texas, the Defendant was convicted of the felony offense of ROBBERY.

On April 17, 2013, Appellant pleaded guilty to the charged offense of aggravated robbery. He also pleaded true to the enhancement allegation. At that time, the trial court admonished Appellant, both orally and in writing, as to the

2

consequence of his plea. Appellant acknowledged, orally and in writing, that he understood the admonishments and that his pleas were made freely and voluntarily. Appellant's counsel also stated that he had met with Appellant a number of times, and he believed Appellant to be competent. In addition, Appellant acknowledged that he understood that, due to the enhancement allegation, the punishment range for the offense was 15 years to life in prison.[2]

The trial court then stated on the record, "The Court will find you guilty of the underlying offense, I will find the enhancement paragraph 25 true. I will not enter a sentence today, we will reset for a time later so that that presentence investigation can been prepared. All right. The Court is in recess."

After the recess, but on the same day as the plea proceeding, the trial court heard the testimony of the complainant, A. Velazquez, for purposes of determining Appellant's punishment. After hearing Velazquez's testimony, the trial court recessed the hearing to allow preparation of the presentence investigation ("PSI") report.

---

[2] *See* TEX. PENAL CODE ANN. § 12.42(c)(1)(Vernon Supp. 2013) (providing, "If it is shown on the trial of a felony of the first degree that the defendant has previously been finally convicted of a felony . . . on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. . . .").

On May 17, 2013, Appellant filed a motion to substitute new counsel. He requested that his appointed counsel be permitted to withdraw because Appellant had obtained new counsel. The trial court granted the motion.

Appellant's sentencing hearing resumed on July 17, 2013, after the PSI had been completed. At the beginning of the hearing, Appellant's new counsel requested the trial court to permit Appellant to withdraw his earlier guilty plea. Counsel explained,

> I want to put on the record after speaking with my client about the case . . . with regards to the aggravated robbery, I'd ask the Court to plead to robbery. . . . Based on my reviewing of the evidence, . . . the Court should allow him to withdraw the plea and plead to robbery. And for the record, that's my opinion and my client's opinion.

The trial court denied Appellant's request to withdraw his earlier plea. In this regard, the trial court stated,

> The Court denies the request to withdraw the plea. We picked a jury on this case and sat a jury and were prepared to begin testimony on aggravated robbery. I will note that the day after the jury was seated that [Appellant] pled guilty to the indicted offense of aggravated robbery, also pled true to the enhancement of robbery having been convicted of that in 2008. That request is denied.

The PSI report was admitted into evidence. The report contained information that Appellant had committed another aggravated robbery offense the day after he had committed the offense in this case.

4

After hearing closing argument from counsel, the trial court found Appellant guilty of the offense of aggravated robbery, found the enhancement allegation to be true, and sentenced Appellant to 25 years in prison.

Appellant now appeals. In his sole issue, Appellant complains that the trial court should have permitted him to withdraw his guilty plea at the punishment hearing.

## Withdrawal of Guilty Plea

Citing *DeVary v. State*, Appellant asserts that he was entitled to withdraw his plea "for any reason." *See* 615 S.W.2d 739, 740 (Tex. Crim. App. 1981). However, Appellant's reliance on *DeVary* is misplaced because it does not support his position under the facts of this case. In *DeVary*, the court explained that "where the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such a plea is within the sound discretion of the trial court." *Id.* (citing *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979)).

Appellant asserts that the record does not reflect that the case had been taken under advisement at the time he moved to withdraw his plea. He points out that the trial court had not expressly stated that the case had been taken under advisement. However, it is well-established that, "[a]fter a trial court has admonished a defendant, received the plea and evidence, and passed the case for

5

pre-sentence investigation, the case has been taken under advisement." *Lawal v. State*, 368 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *DeVary*, 615 S.W.2d at 740); *see Jackson*, 590 S.W.2d at 514–15 (holding case had been taken under advisement, and defendant could not withdraw guilty plea as matter of right, when court had accepted guilty plea and passed the case for pre-sentence investigation); *Thompson v. State*, 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.) (holding defendant could not withdraw guilty plea as matter of right where "only issue remaining to be decided was the appropriate punishment"); *Wissinger v. State*, 702 S.W.2d 261, 262–63 (Tex. App.—Houston [1st Dist.] 1985, pet. ref d) (holding trial court had discretion to deny defendant's motion to withdraw guilty plea at hearing "which was for the sole purpose" of determining defendant's punishment).

Here, when he requested to withdraw his plea at the punishment hearing, the trial court had already admonished Appellant of the consequences of his plea, accepted his guilty plea, and passed the case for pre-sentence investigation. As a result, Appellant's case was under advisement when he moved to withdraw his plea. *See Jackson*, 590 S.W.2d at 514–15. Thus, Appellant was not entitled to revoke his guilty plea as a matter of right, as he asserts on appeal. Instead, Appellant's request to withdraw his plea was within the sound discretion of the trial court. *See DeVary*, 615 S.W.2d at 740. Appellant makes no argument on

6

appeal that the trial court's denial of his motion to withdraw his plea was an abuse of its discretion. We conclude that Appellant has not shown that the trial court erred when it denied his request to withdraw his guilty plea.

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).