**Opinion issued November 24, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00206-CR

———————————

**CODY CRYMES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 253rd District Court**
**Chambers County, Texas**
**Trial Court Case No. 17166**

---

## MEMORANDUM OPINION

On September 24, 2015, this court issued an opinion, dismissing the appeal because the trial court had certified that Crymes had no right of appeal and that he had waived the right of appeal. Crymes filed a motion for rehearing, claiming he does have the right of appeal of the denial of his motion to withdraw his plea. We

requested a response from the State, but none has been filed. We deny the motion for rehearing, withdraw our opinion of September 24, 2015, and substitute the following opinion.

**Background**

The trial court held a plea hearing on February 7, 2014. During that hearing, the trial court reviewed the terms of the plea bargain, asked Crymes if he understood the range of punishment, admonished Crymes regarding consequences of pleading guilty and sex offender status, and asked Crymes how he pled. Crymes stated, "Guilty." After further questioning, the court found Crymes was competent and that his plea was freely and voluntarily given. The State advised the court that, as part of the plea bargain, the State agreed to dismiss three aggravated sexual assault charges and two sexual assault charges against Crymes, leaving only one charge of sexual assault. For that charge, the State agreed to reduce the charge from a first degree to a second degree felony. The trial court also accepted Exhibit 1, a sworn stipulation, signed by Crymes, in which he agreed to the plea of guilty, stated his plea was "freely" and "voluntarily" given and that he is competent, and agreed he was guilty of the offense. Crymes also waived a pre-sentence investigation. Although the parties had agreed to a sentence of 10 years deferred adjudication community supervision, the parties agreed to delay imposition of the agreed-upon sentence until June to allow Crymes to travel to Louisiana to be with

2

his wife for the birth of their child. At the end of the plea hearing, the trial judge said he would withhold any findings until Crymes returned for sentencing. Nevertheless, the trial judge completed the certification of the right of appeal at that time, noting that Crymes did not have the right of appeal because of the plea bargain. Both Crymes and his counsel signed this certification.

When the parties returned to court on June 27, 2014, the trial court granted Crymes's motion to substitute counsel and reset the hearing until September. On September 5, 2014, Crymes's new counsel filed a motion to withdraw his plea, claiming that because the trial court had not pronounced sentence or taken the case under advisement, Crymes could withdraw his plea as a matter of right. The trial court disagreed, and concluded he had the discretion to determine whether to allow withdrawal of the plea. He then denied the motion, stating it was his belief the defendant could be facing a longer period of incarceration if he withdrew his plea. Crymes's counsel asked the trial court to change the certification to reflect Crymes had a right of appeal and the following exchange took place:

> THE COURT: No. No, I'm not going to do that. You – you've got your – your contention and you can appeal it up and the Court of Appeals and maybe beyond can a determination whether he has the right to withdraw his – his plea.

> MR. OLIVER: So, to be clear, Judge, the Court is not going to allow him to check the box that says there's a written motion? Then, can we ask the Court's –

3

After this exchange, the trial court did not respond to counsel's question and moved on to sentencing concerns.

**Analysis**

On rehearing, Crymes contends despite the trial court's certification, we should not have dismissed his appeal because the certification is defective. In *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005), the Court of Criminal Appeals held that, if the trial court's certification is defective, the appellate court may order the trial court to provide a correct one. The Court defined "defective" as one that is "correct in form but which, when compared with the record before the court, proves to be inaccurate." *Id.* at 614. Under Rule 25.2, a defendant who has entered into a plea bargain with the state may appeal "those matters raised by written motion and ruled on before trial" or after obtaining the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2)(A)-(B).

Crymes contends he may appeal the denial of the motion to withdraw his plea under TEX. R. APP. P. 25.2(a)(2)(A) because he filed a written motion to withdraw the plea after the plea hearing but before the trial court imposed a sentence. The State disagrees, arguing that the motion was filed too late—after the trial court took the case under advisement—and that Crymes's motion to withdraw is not a "pretrial motion." *See* TEX. R. APP. P. 25.2(a)(2)(A) (allowing appeal after plea bargain of matters "raised by written motion filed and ruled on before trial").

4

Thus, we must determine whether Crymes's motion to withdraw the plea is a pretrial motion and therefore denial of that motion is appealable under Rule 25.2(a)(2)(A).

An appellant may withdraw his plea as a matter of right if the motion is filed before a trial court has "taken a case under advisement" or has pronounced judgment. *DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981) (defendant may withdraw guilty plea as matter of right without assigning reason before judgment is pronounced or case is taken under advisement). If the motion is filed after the court has taken the case under advisement or has pronounced judgment, the trial court has discretion whether to allow withdrawal of the plea. *Id.*

The courts have found cases were "taken under advisement" when the judge had (1) passed the case for preparation of a pre-sentence investigation, (2) pronounced the defendant guilty and was in the process of pronouncing judgment, or (3) had accepted the defendant's plea and stipulation of evidence and had admonished him. *See Tellis v. State*, No. 14-99-01097-CR, 2000 WL 280345, at *1 (Tex. App.—Houston [14th Dist.] March 16, 2000, no pet.) (holding motion to withdraw plea was after trial court took case under advisement because trial court passed case for preparation of pre-sentence investigation); *Milligan v. State*, 324 S.W.2d 864, 865 (Tex. Crim. App. 1959) (holding request to withdraw plea was

5

after trial court took case under advisement because trial court had "concluded that appellant was guilty and was in the process of pronouncing judgment"); *Williams v. State*, No. 11-01-00331-CR, 2004 WL 212602, at *2 (Tex. App.—Eastland Feb. 5, 2004, pet. ref'd) (holding case taken under advisement when trial court determined appellant had previously entered plea knowingly and voluntarily and had signed a confession and stipulation of evidence); *Knox v. State*, No. 04-02-00757-CR, 2003 WL 22082208, at *1 (Tex. App.—San Antonio Sept. 10, 2003, pet. ref'd) (holding that trial court had taken case under advisement when defendant expressly and voluntarily waived his right to jury trial, confessed to the offense charged, received statutory admonishments, and entered a plea of guilty).

Here, the trial court had admonished Crymes, received his plea of guilty, found it was freely and voluntarily given, and received a sworn stipulation signed by Crymes in which he stated he understood the admonishments, agreed to the plea, agreed that the plea was freely and voluntarily given, admitted he was guilty of the offense, and waived the pre-sentence investigation.[1] Therefore, we hold that the trial court had taken the case under advisement before Crymes filed his motion

---

[1] Certainly, the trial court believed he had taken the case under advisement because he referred Crymes's counsel to his discussions about the plea agreement, his conclusion on the record that Crymes had no absolute right to withdraw his plea, and that, even if he had not used the word "accept" in regards to the plea, he did so by implication by taking Crymes's plea of guilty, admonishing him, and stating that he was reconvening at a later date for sentencing.

to withdraw the plea. *See Williams*, 2004 WL 212602, at \*2; *Knox*, 2003 WL 22082208, at \*1.

Because the motion to withdraw the plea was filed after the court had taken the case under advisement, the motion was filed too late to be considered a pretrial motion. *See Moreno v. State*, 90 S.W.3d 887, 888 (Tex. App.—San Antonio 2002, no pet.) (holding that after case is taken under advisement a subsequently-filed motion to withdraw plea of guilty is not a pretrial motion). Crymes's motion to withdraw his plea is not a motion "filed or ruled on before trial" and therefore, Crymes may not appeal the denial of this motion. *See* TEX. R. APP. P. 25.2(a)(2)(A). Thus, the trial court did not err in concluding that Crymes has no right to appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

## Conclusion

Because Crymes did not have a right to appeal, we dismiss the appeal for lack of jurisdiction.

## PER CURIAM

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).