**Opinion filed June 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00187-CR

_____

## ENRIQUE GARZA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR22186**

## M E M O R A N D U M   O P I N I O N

Enrique Garza, Jr., entered into a plea agreement with the State. He pleaded guilty to the state jail felony offense of burglary of a building. The trial court assessed Appellant's punishment in accordance with the terms of his plea agreement at confinement for fifteen months in the State Jail Division of the Texas Department of Criminal Justice. In his sole issue on appeal, Appellant argues that his plea of guilty was involuntary and that the trial court should have granted his motion for new trial based upon that contention. We affirm.

*Background Facts*

Appellant and Marcus Reese were arrested for burglary of a building. Appellant asserted that Reese told him that a man named "Jesse" gave him permission to enter a building to salvage scrap metal from the building. Appellant accompanied Reese to the building to assist him. The police arrived at the scene while Appellant and Reese were inside the building. The police arrested Appellant and Reese after contacting the owner of the property to determine that Appellant and Reese did not have permission to be in the building to remove items.

Appellant executed a sworn written stipulation wherein he judicially confessed to committing the offense of burglary of a building as alleged in the indictment. He entered a guilty plea before the trial court on March 18, 2014. The court accepted the guilty plea on that date and scheduled a subsequent sentencing hearing for April 14, 2014.[1] At the sentencing hearing, Appellant presented an oral request to withdraw his previous plea of guilty. Appellant did not provide any grounds for his request to withdraw his guilty plea other than to assert that his codefendant could potentially exonerate him. At the conclusion of the sentencing hearing, the trial court denied Appellant's request to withdraw his guilty plea and sentenced him in accordance with the plea bargain agreement. The trial court also advised Appellant that, if he desired to pursue an appeal, he would need to file a formal request seeking the trial court's permission. *See* TEX R. APP. P. 25.2(a)(2)(B).

Appellant subsequently filed a written "Request for Permission to Appeal" on May 12, 2014. He asserted in the request that his plea was involuntary "because it was made without realizing that representations made to him were false." He attached an affidavit that he executed and an affidavit executed by his trial counsel in support of the request. Appellant asserted that that he had learned after pleading

---

[1]The trial court delayed sentencing at Appellant's request so that he could take care of some matters prior to beginning his sentence.

guilty that the person named "Jesse" did not exist and his codefendant was never given permission to enter the building. The trial court granted Appellant's Request for Permission to Appeal by executing a "Certification of Defendant's Right of Appeal" on May 20, 2014, wherein it granted Appellant permission to appeal.

Appellant filed a motion for new trial on June 9, 2014, asserting that his plea was involuntary on the same ground alleged in his Request for Permission to Appeal. The trial court noted at the outset of the hearing that the motion for new trial appeared to be untimely because it was filed more than thirty days after Appellant was sentenced on April 14, 2014. *See* TEX. R. APP. P. 21.4(a). However, the trial court allowed Appellant to present evidence concerning his contention that his plea was involuntary. On direct examination, Appellant testified that his codefendant had lied to him about having permission from someone named Jesse to enter the building in order to remove scrap metal. On cross-examination, however, Appellant agreed with the prosecutor's statement that he was "not in any way saying [his] plea was involuntary." Appellant also stated that there was not any "new information" that he was relying upon in asking the trial court to set aside his plea of guilty. The trial court denied the motion for new trial at the conclusion of the hearing.

*Analysis*

Appellant contends that he is entitled to a new trial because his plea of guilty was involuntary. A defendant has an absolute right to withdraw a guilty plea any time before his plea has been taken under advisement or guilt has been adjudicated. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979). Once a plea has been taken under advisement or guilt has been adjudicated, however, a request to withdraw a plea is untimely and the withdrawal of such a plea is within the sound discretion of the trial court. *Id.* Under an abuse of discretion standard, we must uphold the trial court's ruling unless it lies outside the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App.

3

1991). In performing our review, we must view the ruling in light of the information before the trial court at the time of the ruling. *Crumpton v. State*, 179 S.W.3d 722, 724 (Tex. App.—Fort Worth 2005, pet. ref'd) (citing *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005)).

After a trial court has admonished a defendant, received the plea and evidence, and passed the case for sentencing, the case has been taken under advisement. *Lawal v. State*, 368 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. [Panel Op.] 1981)). There is no dispute that the trial court admonished Appellant on his guilty plea, received his plea, and continued the case for sentencing at a later date as requested by Appellant. Accordingly, we must review the record to determine if the trial court abused its discretion in denying Appellant's request to withdraw his guilty plea. *See DeVary*, 615 S.W.2d at 740. We conclude that the trial court did not abuse its discretion in denying his request.

A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Accordingly, a guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *Boykin*, 395 U.S. at 242; *Kniatt*, 206 S.W.3d at 664. To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 755 (1970); *Kniatt*, 206 S.W.3d at 664.

Appellant initially presented his request to withdraw his guilty plea at the sentencing hearing. As noted by the trial court at the hearing, Appellant only presented "a vague reference" as the basis for withdrawing his guilty plea. The defendant bears a "heavy burden" to prove in a subsequent hearing that his plea was

4

involuntary.  *Cantu v. State*, 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).  We conclude that the trial court did not abuse its discretion in denying Appellant's request to withdraw his plea at the sentencing hearing because Appellant did not present any evidence supporting his claim that his plea was involuntary.

Appellant subsequently addressed his claim that his guilty plea was involuntary in his Request for Permission to Appeal.  However, Appellant did not ask the trial court to permit him to withdraw his guilty plea in this document—he only asked the trial court for permission to appeal his conviction on this ground.  Finally, Appellant presented his request to withdraw his guilty plea in his motion for new trial.  However, the motion for new trial was not timely filed.  A motion for new trial must be filed no later than thirty days after the date that the trial court imposed the sentence.  TEX. R. APP. P. 21.4(a); *see Drew v. State*, 743 S.W.2d 207, 222–23 (Tex. Crim. App. 1987).  Because Appellant's motion for new trial was filed outside the thirty-day window prescribed by Rule 21.4, the motion was untimely and the trial court lacked jurisdiction to consider it.  *See Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989).

On appeal, Appellant's attorney asserts that he did not realize that the alleged permission was relayed to Appellant by Reese rather than given to Appellant and Reese at the same time by the "phantom 'Jesse.'"  Appellant asserts that his plea was involuntary because his attorney relied on this erroneous information.  However, this argument was not presented to the trial court.  Instead, Appellant's attorney asserted in his affidavit that he would have insisted that Appellant not plead guilty had he known that "Jesse" was a "phantom person."  Appellant asserted in his affidavit that his guilty plea was involuntary because he did not realize until after he pleaded guilty that Reese did not actually have permission to enter the building.  The fact that Appellant and Reese were arrested at the scene after the police officers contacted the

owner of the property strongly suggests otherwise. Additionally, Appellant later testified that his plea was voluntary.

There is no indication in the record that Appellant's guilty plea was not the expression of his own free will or that it was induced by threats, misrepresentations, or improper promises. *See Kniatt*, 206 S.W.3d at 664. Given the evidence before the trial court, it could have reasonably concluded that Appellant accepted the State's plea bargain and pleaded guilty, not because Appellant or his attorney was mistaken about the permission allegedly given to Reese, but because they had determined that it was in Appellant's best interest to accept the plea bargain. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

June 30, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.